## GUMLEY, Admr v COWMAN

Ohio Appeals, 1st Dist, Clinton Co

Decided April 30, 1934

McCarthy & Ryan, Cincinnati, for plaintiff in error.

Luther L. Swaim, Wilmington, and Wilbur E. Benoy, Columbus, for defendant in error.

### OPINION

By HAMILTON, PJ.

The action was for the wrongful death of one William F. Gumley, brought by the administrator of his estate against the defendant below, defendant in error here.

At the close of the plaintiff's evidence, the trial court sustained a motion for an instructed verdict in favor of the defendant Cowman. From the judgment entered on that verdict, error is prosecuted to this court.

The defense was that the defendant was not negligent, and that the injuries and death of the decedent were due to his own negligence.

The charges of negligence in the petition are:—That Cowman parked his truck on the road so as to obstruct it, and that Cowman failed to have a light on the rear of his truck.

The question is, was there any evidence tending to show negligence on the part of Cowman, and, if so, does the evidence presented by the plaintiff raise a presumption of contributory negligence, which presumption he failed to remove? This calls for an examination of the evidence and the law applicable thereto.

It appears from the record that Cowman was taking a load of hogs in his truck to Cincinnati. For some reason, which is immaterial, he parked his truck along the country road. While so parked his truck was struck in the rear by the automobile of the plaintiff's decedent, operated by him.

While this action is for wrongful death, if the decedent could not recover for injuries, had he lived, by reason of his contributory negligence, his administrator could not recover. The truck was parked strictly within the statutory requirement. The law requires that no vehicle shall stop on any highway except with the front and rear right wheels within one foot of the right hand side of the improved portion of the highway. The evidence in this case is that the truck was parked with the front and rear right wheels 18 inches from the paved portion of the highway. This requirement is for the purpose of keeping sufficient passageway for a vehicle to pass on the highway. However, under the law as we find it this also would be immaterial. The question of the parking of the truck is disposed of in the finding that there was no negligence in respect to its parking. The only remaining question is whether or not the failure to have a light on the rear of the truck constituted negligence entitling the plaintiff to recover. The evidence is in dispute as to whether there was a light on the rear of the truck. If that was the only question, the case would have to be submitted to the jury.

It appears from the record that plaintiff's decedent and another man riding with him were going in the same direction as

the truck; it was early in the morning while still dark and it was rainy and foggy. The automobile driven by the decedent was going at a speed of between 30 and 40 miles. Shortly before arriving at the place where the truck was parked, it met an automobile going in the opposite direction, with the headlights burning. The automobile driven by the decedent had its headlights burning. After passing the automobile going in the opposite direction, the testimony of the man accompanying the decedent is, that they were immediately upon the truck before they saw it and were unable to stop their automobile or pass clean of the truck, and collided with the rear of the truck.

The law applicable and decisive of the case is found in §12603, GC, in force and effect at the time of the accident, the pertinent part of which is as follows:

"and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The first case in which the construction of this statute with reference to the "assured clear distance ahead" is **Curtis v Hubbell, 42 Oh Ap, 520 (12 Abs 646)**. In that case the court held that "the assured clear distance ahead" required that the speed of the automobile shall at all times be such as to permit the driver to stop within the range of his vision.

**Sec 6310-1, GC,** provides:

"* * * the forward lights which a motor vehicle, except commercial vehicles, as hereinafter provided, is required to display, shall; when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet. * * *"

The evidence in this case discloses that the forward lights on the automobile driven by the decedent threw a light enabling him to see for a distance of at least two hundred feet. The only witness testifying on this question was the man accompanying the decedent. He stated that he did not know whether the lights had been dimmed in passing the automobile going in the opposite direction, but that the lights were sufficient to see two hundred feet ahead.

It is suggested that Gumley, the decedent, was confronted with an emergency.

If this were so, it was an emergency created by his own violation of the law. The emergency, if any, is not therefore available to plaintiff in this case.

In the case of **Skinner v Pennsylvania Rd. Co., 127 Oh St, 69,** (O. L. B. & R. 9-4-33), the Supreme Court of Ohio states in the syllabus:

"The language of §12603, GC, providing that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se."

While it is true the Skinner case involved the obstruction of the roadway by the Pennsylvania Railroad Company's train, the rule of law applies to all obstructions and certainly to the case at bar.

The meaning of the phrase "assured clear distance ahead" has been construed by the court of last resort in several states. In **Lindquist v Thierman, (1933), 215 Iowa, ——, 248 NW 504,** the court defined the phrase as follows:

"Generally speaking, the operator of an automobile may assume that other drivers of cars will obey the law. * * * So far as the statute under consideration, however, refers to the lights of automobiles in the nighttime, the rule that a driver of a car can assume that others on the highway will obey the law is slightly, if at all, material. As before explained, the statute under consideration is a safety regulation. This definition above adopted requires that the operator of the automobile shall at all times be able to stop his car within the distance that discernible objects may be seen. Therefore, under the many cases above cited, the operator of an automobile must thus control his car, even though there are unlighted vehicles on the highway."

The statute of Iowa contains the phrase "assured clear distance ahead", as does the law of Ohio.

The Michigan statute contains a like clause. In the case of Bowmaster v William H. DePree Co., 252 Mich., 505, the court in the third proposition of the syllabus states the law as follows:

"Automobile driver, who, on snowy, windy day drove his car at greater speed than permitted him to bring it to a stop within

assured "clear distance ahead, in violation of 1 Comp. Laws, 1929, §4697, resulting in collision with truck, standing on right side of road, was guilty of negligence as matter of law."

This decision was followed in Angstman v Wilson (1932), 258 Mich. 195.

The language of §12603, GC, is explicit. It requires that the speed of the automobile shall at all times be such as to permit the driver to stop within the range of his vision, and if his lights are such that he is unable to see the object, he cannot be excused on the theory that the collision was an emergency.

We are aware of the fact that this conclusion of law would leave the driver of an automobile, injured by his running into an obstruction in the road, without any remedy for injuries by reason of negligence on the part of the other person, since he is to have his car under such control as to be able to stop it before striking the object.

The fact under the law as stated constitutes contributory negligence as a matter of law and bars recovery in this action.

The Court of Common Pleas did not err in sustaining the motion of the defendant for an instructed verdict in his behalf, and entering the judgment on that verdict. The judgment is affirmed.

ROSS, J, concurs.