KOOB v. CITY OF LANSING.

1. AUTOMOBILES—PASSENGERS—NEGLIGENCE.
   The negligence of a motorist may not be imputed to his passenger.

2. EVIDENCE—TRIAL—CONJECTURE—INFERENCES MAY BE DRAWN FROM PROVEN FACTS.
   While a verdict may not rest upon bare conjecture, a finding as to a particular fact may be based upon inferences fairly drawn from other facts established by proof.

3. SAME—REASONABLE INFERENCES FROM PROVEN FACTS ARE EVIDENCE RATHER THAN PRESUMPTIONS.
   Reasonable inferences which may be drawn from affirmative facts proven are evidence, not presumptions.

4. AUTOMOBILES—PASSENGERS—FINDING—EVIDENCE.
   In case arising from death of plaintiff's husband while in car belonging to another person who died at the same time, established facts *held,* to form a basis from which jury could find that plaintiff's decedent was a passenger in the car.

5. HIGHWAYS AND STREETS—UNLIGHTED CITY STREET ENDING AT RIVER BANK—BARRIERS—WARNINGS.
   Where city street came to river bank and no street light, barrier or warning of any kind was present on that side of the river,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am. Jur., Automobiles, § 494.
[1] Negligence of driver of automobile as imputable to passenger. 90 A.L.R. 630.
[1, 4] Liability of automobile owner or operator for injury to guest. 20 A.L.R. 1014; 26 A.L.R. 1425; 40 A.L.R. 1338; 47 A.L.R. 327; 51 A.L.R. 581; 61 A.L.R. 1252; and 65 A.L.R. 952.
[2, 3] Inference on inference, presumption on presumption. 95 A.L.R. 162.
[3] 20 Am. Jur., Evidence, § 162.
[5] Duty as regards barriers for protection of automobile travel. 27 A.L.R. 937; 86 A.L.R. 1389; and 173 A.L.R. 626.
[5] Duty to barricade an abandoned highway. 71 A.L.R. 1206.

a jury question was presented as to whether city was negligent in maintaining the street in a reasonably safe condition for public travel in the nighttime.

Appeal from Ingham; Coash (Louis E.), J. Submitted April 14, 1948. (Docket No. 53, Calendar No. 44,042.) Decided May 18, 1948.

Case by Glenna Koob, administratrix of the estate of Robert Dale Koob, deceased, against City of Lansing for damages arising from death of her husband. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on the verdict.

*H. Donald Bruce* (*Kelley & Seelye,* of counsel), for plaintiff.

*Charles P. Van Note,* City Attorney, for defendant.

SHARPE, J. Plaintiff, Glenna Koob, administratrix of the estate of Robert Dale Koob, deceased, began an action against the city of Lansing, a municipal corporation, as defendant for damages growing out of the death of her husband, Robert Dale Koob.

The material facts are as follows: On February 10, 1946, Robert Dale Koob, a resident of Vermontville, Eaton county, together with one Starr Farrah were riding in an automobile owned by Starr Farrah. Shortly after midnight on the above date they were riding on East Main street in the city of Lansing and drove into the river where both men were drowned. Main street runs in an east-and-west direction. It intersects Washington avenue, a north-and-south street, and continues east from there about three blocks on a slightly downhill grade, until it terminates at the west bank of the Grand river. On

the east side of the river, Main street continues but at a higher elevation. The width of East Main street, between the curbs, is approximately 30 feet. In the 400 block of this street, which is between River street and the river, the street is dirt surfaced. There were no street lights in the 400 block, no warning signs indicating that the street ends at the river. There were no barriers, lights, reflectors or warnings of any kind on the west bank of the river where the accident occurred. It appears from the record that Mrs. Sherman lives at 411 East Main street, a place near the river where the accident occurred; that about 12:45 a. m., on the morning in question she heard a noise and observed a flash of light pass the door of her house. She did not know what it was, but she and her husband went out doors to look around. They heard bubbles coming from the river. Mr. Sherman called the police who arrived shortly thereafter and commenced to determine what had gone into the river. They succeeded in pulling a Ford Tudor sedan out of the river. When it was pulled out the windshield was broken, the left door was partially open and there was the body of Robert Dale Koob in the car. About noon the next day the body of Starr Farrah was found in the river.

The cause came on for trial and at the close of plaintiff's proofs, defendant's counsel made a motion for a directed verdict. This motion was renewed at the close of all proofs and its determination reserved under the Empson act.*

The following special questions were submitted to the jury:

"1. Do you find, from the evidence presented, that the proximate cause of the accident which resulted

---

* 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 27.1461 *et seq.*).—REPORTER.

in the death of Robert Dale Koob was the failure of the city of Lansing to maintain East Main street at or near the Grand river and River street in a reasonably safe condition for public travel in the night-time?

"2. Do you conclude, from the evidence, that Robert Dale Koob was a passenger in an automobile driven by Starr Farrah at the time of the accident?

"3. Do you find that Robert Dale Koob, at the time of the accident, was exercising reasonable care?"

In answer to the special questions the jury found that plaintiff's decedent was a passenger in the automobile and was in the exercise of due care at the time the automobile went into the river. The jury returned a verdict in the sum of $5,000 in favor of plaintiff.

Following the verdict above mentioned, defendant's counsel made a motion for judgment notwithstanding the verdict based upon the following reasons:

"1. That plaintiff has failed to offer any testimony as a matter of law to go to the jury on the question of the defendant's negligence.

"2. That plaintiff failed to carry the burden resting upon her to show that her decedent was not the operator of the motor vehicle in which he was riding.

"3. That assuming negligence of defendant, the operator of the motor vehicle in which plaintiff's decedent was riding was guilty of contributory negligence as a matter of law and the jury should not have been allowed to speculate thereon.

"4. That considering all the evidence, together with the inferences to be drawn therefrom, in the light most favorable to plaintiff there is no testimony from which the jury could find the defendant city liable."

Defendant also filed a motion for a new trial based upon similar reasons given in its motion *non obstante veredicto*.

The trial court in granting the motion *non obstante veredicto* stated:

"Considering the testimony of plaintiff in the most favorable light to her, it shows that the cause of the accident was the lack of due care on the part of the driver of the automobile. * * * There was no testimony as to who was the driver or who was the passenger of this car."

Plaintiff appeals and urges that there is ample evidence to sustain the jury's special finding that plaintiff's decedent was a passenger in the automobile at the time of the accident. If plaintiff's decedent was a passenger in the automobile, the negligence, if any, of the driver could not be imputed to him. See *Bricker* v. *Green,* 313 Mich. 218 (163 A.L.R. 697). Plaintiff urges that the following facts support the jury's determination as to who was the passenger in the car: While Robert Dale Koob owned a car of his own and had left his father's home driving his own car that very evening, the boys at the time of the accident were riding in the car owned by Starr Farrah. Starr Farrah's car was a two-door Ford. At the time it was pulled out of the river, the windows were closed and were all intact, although the windshield was broken out; the left door, the door next to the driver's seat, was open; and Robert Dale Koob's body was still in the car on the floor between the front and rear seats while Starr Farrah's body was out of the car and was recovered from the river a considerable time later.

In *Butrick* v. *Snyder,* 236 Mich. 300, 305, we said:

"While it is true that a verdict may not rest upon bare conjecture, * * * it is also true that a finding as to a particular fact may be based upon infer-

ences fairly drawn from other facts established by proof. * * * The reasonable inferences which may be drawn from the affirmative facts proven are evidence, and not presumptions."

In our opinion the established facts form a basis from which a jury could find that plaintiff's decedent was a passenger in the car. Counsel for defendant concedes that it was a question of fact for the jury to determine whether or not the defendant was guilty of negligence in its failure to maintain East Main street in a reasonably safe condition for public travel in the nighttime.

We conclude that plaintiff having established the fact that her decedent was a passenger in the car at the time of the accident and defendant conceding its negligence was a jury question, it becomes our duty to reverse the judgment entered in this cause and remand the same to the trial court for entry of judgment upon the verdict. Plaintiff may recover costs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred with SHARPE, J. DETHMERS, J., concurred in the result.