MARTIN *v.* J. A. MERCIER CO.

1. APPEAL AND ERROR—DISMISSAL—STIPULATION AS TO DAMAGES NOT DETERMINATIVE OF LIABILITY.

Motion to dismiss appeals in personal injury cases on ground that judgments were entered by consent is denied, where record shows that stipulation was as to damages, not liability.

2. MOTOR VEHICLES—NEGLIGENCE—EXCAVATIONS—GREAT WEIGHT OF EVIDENCE.

In action for personal injuries against contractor constructing county drain across city street, finding of defendant's negligence in not properly guarding excavation, *held,* not against great weight of evidence.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Automobile driver encountering barricades indicating local repair spot on open highway had right to assume that, except for such spot, street was reasonably fit for travel, and he was not charged with duty to anticipate that street was closed or that there was excavation across it.

As to driving automobile at speed which prevents stopping within length of vision as negligence, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493, 1494.

4. Same—Dangers to Guard Against.
    Only danger against which automobile driver is bound to guard
    is what he saw or should have seen.

5. Same—Range of Vision—Holes in Road.
    Rule that automobile driver must see objects and be able to
    stop within range of his lights does not apply to holes in
    road.

6. Same—Question of Fact.
    Whether and when hole or excavation in road would be noticed
    by careful automobile driver is necessarily so uncertain that,
    with possible exceptions, it is issue of fact.

7. Same—Great Weight of Evidence.
    In action against contractor constructing drain for personal in-
    juries received when plaintiff's automobile went into excava-
    tion due to defendant's alleged negligence in not properly
    guarding it, resolving questions of fact in plaintiff's favor as
    to when he should have discovered excavation and whether he
    used reasonable diligence to avoid it, *held*, not against great
    weight of evidence.

8. Same—Requirement as to Headlights—Statutes.
    Requirement of Act No. 287, Pub. Acts 1925, that motor vehicles
    have headlights capable of clearly lighting highway at least
    200 feet ahead, is construed as requirement only under ordi-
    nary atmospheric conditions, and not on stormy, misty night.

9. Municipal Corporations—Highways and Streets—Liability
    Statutory.
    Liability of municipalities for failure to keep highways in repair
    is purely statutory (1 Comp. Laws 1929, § 4223).

10. Same—City Not Liable for Defect in Street Converted into
    County Highway.
    City is not liable for defective condition of city street after it
    has been converted into county road pursuant to provisions
    of 1 Comp. Laws 1929, §§ 3993, 3996; duty of thereafter
    keeping it in reasonable repair being imposed on county by
    statute.

Appeal from Wayne; Reid (Neil E.), J., presid-
ing. Submitted June 4, 1931. (Docket Nos. 35–40,
Calendar Nos. 35,682–35,687.) Decided October 5,
1931.

Six separate actions of case by Burie Martin and others against J. A. Mercier Company, a Michigan corporation, and others for personal injuries received due to alleged negligence in not properly guarding excavation on public highway. Cases were heard together. Judgments for plaintiffs. Defendants appeal. Affirmed as to defendant J. A. Mercier Company. Reversed as to city.

*Birnkrant, Birnkrant & Birnkrant* (*William E. Tarsney,* of counsel) for plaintiffs.

*Vandeveer & Vandeveer,* for defendant J. A. Mercier Company.

*Frank G. Mixter* and *Larry S. Davidow,* for defendant city of Lincoln Park.

FEAD, J. Plaintiff had verdict and judgment on trial before the court without a jury, for damages in an automobile accident. Five other cases are consolidated on appeal. In the latter, counsel agreed upon damages after trial of the principal case and plaintiff contends the appeals should be dismissed because the judgments were entered by consent. The record is clear that stipulation was as to damages, not liability, and the motion to dismiss is denied.

The testimony was in sharp dispute, and the principal question is whether the verdict is against the great weight of the evidence. The court believed plaintiff and his witnesses.

October 2, 1926, some 200 feet north of London street, in the city of Lincoln Park, a county drain excavation, 40 feet wide and 8 feet deep, extended across Fort street. Defendant Mercier Company was constructing the drain, under contract with the county drain commissioner. The excavation itself was not guarded by lights or barriers, but 20 feet

north of London street a barricade had been erected by Mercier Company under conditions of permit from the county road commissioners. To the west of it was a detour, so poorly marked that drivers familiar with the situation and looking for the detour passed it by. For a mile south of London street the road was under repair in spots but was open to traffic and the repaired places were marked by small wooden horses bearing lights.

A few days before the accident plaintiff had taken his family south over Fort street, which, then, was not under repair. On his return he reached the repair zone in the morning. It had rained, was misty and dark, and slippery under foot. After threading his way through the repair zone, Martin came to the London street barricade at 5:20 a. m., driving at 15 miles per hour. He said the barrier extended only part way across the 20-foot pavement, he thought the road was open as it had been to the south, and he passed on the west side. The pavement was somewhat muddy, but apparently open, and Martin said he proceeded until he saw an excavating machine about 100 feet ahead and which was beyond the excavation, upon which he applied the brakes and tried to stop, but the car ran into the drain, fatally injured his wife and hurt other members of his family and relatives in the car.

Plaintiff knew the barricade was there because he saw it. Defendants had knowledge of its condition a few minutes before the accident. But they disagreed as to its character. Plaintiff claims it consisted of an "X" standard at about the middle of the pavement, supporting a plank which extended to the east and rested on the ground. Defendants claim it was solidly built of planks spiked to posts set in the ground at each edge of the pavement and a supporting post in the center, the whole extending two

or three feet beyond the pavement on each side, but with a driveway around each end for trucks.

Plaintiff's claim is supported by several disinterested witnesses and by the only evidence substantially contemporaneous with the accident, a written statement by a policeman, defendants' witness. Most of defendants' witnesses are in their employ. The probabilities do not favor defendants more than plaintiff. The finding of defendants' negligence in not properly guarding the excavation was not against the great weight of evidence.

Plaintiff's contributory negligence must be viewed in the light of the road to the south, in which he had encountered local barriers to indicate repair spots on an open highway, the similarity of the barricade to such barriers, and the lack of warning lights at the excavation, which it should have borne. If the barricade indicated a local repair spot, plaintiff had a right to assume that, except for such spot, the street was reasonably fit for travel. He was not charged with the duty to anticipate that the street was closed or that there was an excavation across it. The only danger against which he was bound to guard was what he saw or should have seen.

The rule that a driver must see objects and be able to stop within the range of his lights, applied to things on the road, does not apply to holes in the road. A hole often melts into the road so it cannot be distinguished from the surface except at short range. Whether and when a hole or excavation would be noticed by a careful driver, especially on a misty and dark morning, necessarily is so uncertain and dependent upon circumstances that, with possible exceptions, it is an issue of fact. The danger plaintiff was charged to avoid, as a matter of law, was the excavating machine, not the drain.

Plaintiff testified that he did not know within what distance he could have stopped his car under the slippery conditions, but, on urging of counsel, hazarded the guess of not less than 75 feet. If that estimate be fair, which is doubtful, plaintiff, after seeing the machine 100 feet away, could not have stopped before reaching the ditch 60 feet away.

However, the danger first confronting plaintiff was the excavating machine. His discovery of it did not charge him with notice of the drain. There was testimony that his car skidded some 20 feet before running into the drain. The probabilities are that he tried to stop in ample time to avoid the machine and would not have been injured had it not been for the unguarded and unlighted excavation which he had no reason to anticipate, but had a right to assume was not there. We think the questions of when plaintiff should have discovered the drain and whether he used reasonable diligence to avoid it are of fact, and, under the circumstances, resolving them in favor of plaintiff was not against the great weight of evidence.

Under Act No. 287, Pub. Acts 1925, motor vehicles were required to be equipped with headlights "capable of clearly lighting the highway at least 200 feet ahead." Act No. 318, Pub. Acts 1927 (1 Comp. Laws 1929, § 4738), a revision of the whole motor vehicle law, requires lights which will "under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person 200 feet ahead." Plaintiff's lights were sufficient under the statute on clear nights, but, at the time of accident, would light the road only about 100 feet. Defendants claim the 1925 act, especially when contrasted with the 1927 law, required 200 feet vision under all conditions, that

plaintiff's lights were in violation of the statute and he was guilty of contributory negligence as a matter of law. This would mean that, under the 1925 act, traffic had to cease on stormy nights. In our opinion, the statute should be given the sensible construction that 200 feet vision was required under ordinary conditions.

Before the accident, the board of county road commissioners of Wayne county took over Fort street within the city of Lincoln Park, full width, as a county road. The board gave a permit for construction of the drain across Fort street and prescribed the barricade. The city took no jurisdiction over the work.

Defendant city contends that it is not liable to plaintiff because of 1 Comp. Laws 1929, § 3993, which provides:

"After service and publication of such notice, the board of county road commissioners shall have sole and exclusive jurisdiction and control of such road so embraced within such determination, and the township or municipality within which the same is situated shall be relieved from all liability therefor."

And 1 Comp. Laws 1929, § 3996, which reads:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of the law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

See *Longstreet* v. *County of Mecosta*, 228 Mich. 542.

The general statute, 1 Comp. Laws 1929, § 4223, covering highway injuries, gives rights of action to persons sustaining bodily injuries upon public streets by reason of neglect to keep such streets in repair and in a condition reasonably safe and fit for travel—"by the township, village, city or corporation whose corporate authority extends over such public highway, street  *  *  *  and whose duty it is to keep the same in reasonable repair."

The liability of municipalities for failure to keep highways in repair is purely statutory. The above statutes impose upon the county the duty to keep city streets in reasonable repair when they are converted into county roads as provided by law. Defendant city is not liable to plaintiff.

The county of Wayne was originally joined as a defendant, but dismissed by the court and no appeal taken.

Judgment will be reversed as to defendant city of Lincoln Park without a new trial, with costs, and affirmed as to defendant Mercier Company, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.