ANGSTMAN *v.* WILSON.

SAME *v.* SAME.

1. MOTOR VEHICLES—DIM LIGHTS—STOPPING WITHIN RANGE OF VISION—CONTRIBUTORY NEGLIGENCE.

   Auto driver driving at night at rate of 20 miles per hour with dim lights, so that he could not stop within range of vision, and who crashed into unlighted standing truck, was guilty of contributory negligence as matter of law (Act No. 3, Pub. Acts 1921 [2d Ex. Sess.]).

2. SAME—UNUSUAL CONDITIONS—QUESTION FOR JURY.

   Plaintiffs were not entitled to go to jury on theory that driver was prevented from stopping because of oil or some unusual condition on pavement which had not been discernible previously, where there was no testimony to sustain said theory.

---

As to driving automobile at speed which prevents stopping within length of vision, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
    Where, in action for damages caused to plaintiffs when their
        automobile crashed into unlighted truck standing on pavement
        in nighttime, it conclusively appears that driver of plaintiffs'
        car was guilty of contributory negligence, verdict should have
        been directed for defendants, notwithstanding fact that their
        negligence also conclusively appears.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted January 27, 1932. (Docket No. 131, Calendar No. 36,057.) Decided April 4, 1932.

Separate actions of case by Roger W. and Genevieve C. Angstman against Ira Wilson and others, doing business as Ira Wilson & Sons, for personal injuries received in an automobile accident alleged to be due to defendants' negligence. Verdict and judgment for plaintiffs. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*John Hal Engel* (*Edmund E. Shepherd*, of counsel), for plaintiffs.

*Charles C. Conklin* (*Don W. Van Winkle, W. E. Robb*, and *Seth Q. Pulver*, of counsel), for defendants.

NORTH, J. These combined suits are for damages arising out of an automobile accident which occurred about 3 a. m., April 5, 1925, at or near the intersection of Woodward avenue and Twelve Mile road in the village of Royal Oak. The plaintiffs, Mr. and Mrs. Angstman, were returning from Detroit to their home and going in a northerly direction on Woodward avenue. He testified they were driving about 20 miles per hour, and, when within 35 or 40 feet of the point of accident, discovered defend-

ants' truck standing on the easterly side of the pavement, which was about 18 feet in width. There was no light on the rear of the truck, which was in charge of an intoxicated driver. Defendants' negligence conclusively appears from the record. Plaintiffs claim that as soon as Mr. Angstman observed the truck on the highway ahead of him he applied his brakes to his automobile, but without its rate of speed being diminished it "slid" ahead and collided with the right-hand rear corner of defendants' truck. Mr. Angstman attempted to pass the truck on the right, where there was an intervening space between the pavement and the interurban railway tracks about 10 feet in width. He testified that he "attempted to miss the truck—in fact I almost did." The force of the impact was such that it practically wrecked the body of Mr. Angstman's car, the most of the damage being to the left-hand side. The front axle was bent and the frame sprung. The automobile was equipped with four-wheel brakes which were in good condition. Under Mr. Angstman's testimony, his car normally could have been stopped within 45 or 50 feet at the rate he testified he was driving. It is plaintiffs' theory that Mr. Angstman's inability to stop his car was due to the fact that there was grease or oil upon the pavement; and that he was not aware of this fact, and though he exercised reasonable care he did not ascertain such to be the condition of the highway. Notwithstanding it was a very dark night, plaintiffs' testimony is that in driving all the way from Detroit to the point of accident they used only their dim lights. With these they could see ahead from 40 to 50 feet. There were lights along the highway, but plaintiffs claim these were of no material aid to them. Their automobile was equipped with bright lights which, if they had

been used, would have enabled the driver to see approximately 75 feet ahead of the car. In this connection Mr. Angstman testified:

"*Q.* If you had your bright lights on at that time you would have seen it (the truck) a little sooner, would you not?

"*A.* Unquestionably.

"*Q.* Perhaps 24 to 30 feet?

"*A.* Perhaps just the distance between 75 and 45 or 50.

"*Q.* Had you had your bright lights on you would have had a greater opportunity to bring your car to a stop, would you not?

"*A.* Yes, sir."

At the conclusion of the proofs, defendants moved for a directed verdict on the ground that Mr. Angstman was guilty of contributory negligence. Decision was reserved. The jury rendered a verdict for the plaintiffs. Thereafter defendants moved for judgment *non obstante*. The motion was denied, and judgments entered for the respective plaintiffs. Defendants' appeal presents the question as to whether the trial court should have directed a verdict against the plaintiffs on the ground of contributory negligence.

At the point of accident the maximum legal rate of speed was 20 miles per hour; and as to lights, the statute (Act No. 3, Pub. Acts 1921 [2d Ex. Sess.]) required the driver of an automobile to have two front lights which would render "any substantial object clearly discernible on a level highway at least two hundred feet directly ahead." (For amendments see 1 Comp. Laws 1929, §§ 4736, 4738, also Act No. 59, Pub. Acts 1931.) On the night in question, Mr. Angstman was admittedly driving at substantially the maximum rate of speed. The highway

was level. His view ahead was unobstructed. There were no other vehicles upon the highway bearing lights which in any way interfered with his vision. It seems too clear for argument that if he had been driving with lights which gave him a range of vision 200 feet ahead he would have avoided the accident. With lights that afforded him a range of vision not exceeding 50 feet, he testified he almost escaped the collision.

It is the claim of plaintiffs' counsel that an issue of fact was presented for the jury under the exceptional decision in *Diederichs* v. *Duke,* 234 Mich. 136. There the case went to the jury on the plaintiff's testimony that just as she approached the rear of the truck with which her automobile collided and on which there were no tail lights, she learned "too late that there was a small strip of icy pavement just behind the trailer;" and that this was the first icy condition on the pavement she had encountered. We are satisfied that the facts here do not come within the exceptional conditions which sent the *Diederichs Case* to the jury. In the instant case plaintiffs' theory, as announced to the jury in the opening statement, is:

"He attempted to stop his car, but due to a condition of oil or some condition upon the pavement which hadn't been discernible to him previously, his car slid and crashed into the truck ahead."

Neither of plaintiffs gave testimony tending to sustain this claim, nor did any other witness testify that the condition of the pavement near the point of accident differed from the general condition which had prevailed along this pavement for a considerable time. Mr. Angstman was familiar with this highway, because he had passed over it almost daily in going to and from his office in Detroit. The actual

condition is disclosed by the following testimony of one of plaintiffs' witnesses:

"The condition, it is dark, it was always oily on account of traffic on holidays and Sundays * * * and in fact all the time. At that time traffic moved very slow and a lot of oil dripped on the pavement between Eleven and Twelve Mile road. * * * It is a concrete pavement, it discolored it to a dark color. * * * The pavement has been down a good many years, and the constant passing of automobiles has discolored it.

"Q. All along there it was the same along there for 3 or 4 miles, wasn't it?

"A. Yes, it was pretty well. * * *

"Q. I said all along between the Eleven and Twelve Mile road the pavement was about the same?

"A. Yes.

"Q. And it had been that way for some time?

"A. Yes, sir."

In the absence of any other testimony which in any material way tends to sustain plaintiffs' theory as announced in the opening statement to the jury, it cannot be said that any extraordinary condition confronted Mr. Angstman at the point of accident. Plaintiffs here were not entitled to go to the jury under the theory of exceptional and unforeseen conditions as was the plaintiff in the *Diederichs Case.* Mr. Angstman violated the oft-announced rule of this court that:

"It is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." (Syllabus) *Lett* v. *Summerfield & Hecht,* 239 Mich. 699.

As stated by the late Justice Fellows in the case above quoted:

"But we do not think the rule should be weakened by engrafting exceptions on it or modifying it. Its observance bespeaks the safety of human life and limb and of property. Had it been observed on the night in question, this unfortunate accident would not have happened."

Defendants' motion for judgment *non obstante* on the ground of contributory negligence should have been granted. The judgment of the circuit court is reversed, and the case remanded, with direction to enter judgment in accordance herewith. Costs to appellants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.