VASHAW *v.* MARQUETTE PUBLIC SERVICE GARAGE.

1. Appeal and Error—Directed Verdict—Evidence.

On appeal from denial of directed verdict for defendant, the record must be considered in the light most favorable to plaintiff.

2. Highways and Streets—Dangerous Condition—Due Care.

One who creates an extremely dangerous condition on the public highway is bound to use a high degree of precaution to avoid injuries to other users of the highway.

3. Automobiles — Wreckers — Contributory Negligence — Negligence—Questions of Fact.

Whether plaintiff trucker, who had driven at speed of 25 or 30 miles an hour until he slowed down to 15 miles an hour when about 40 feet from defendant's lighted wrecker on right attached by a chain to an unlighted disabled car about 10 to 15 feet away across pavement and, without seeing the chain, attempted to drive between car and wrecker, was guilty of contributory negligence and whether defendant who had created an extremely dangerous condition on the highway in the nighttime was guilty of negligence in failing to maintain adequate traffic warning *held,* questions of fact.

4. Same—Speed—Chain Across Highway in Nighttime—Contributory Negligence—Assured Clear Distance Ahead.

Statutory provision that one shall not drive a motor vehicle on a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead does not apply to such an obscure menace to safety as a chain stretched across a public highway at night in the sense that an approaching driver who does not see the chain is guilty of negligence as a matter of law (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

5. SAME—CONTRIBUTORY NEGLIGENCE—CHAIN ACROSS HIGHWAY—IN-
STRUCTIONS.

Instruction as given in action to recover damages against owner
of wrecker whose employee had stretched a chain across high-
way to wrecked car, in the nighttime, that if jury found a
certain person had flagged plaintiff with a flashlight and
plaintiff immediately thereafter observed wrecker he should
then have taken the care an ordinarily prudent man would have
taken or be guilty of contributory negligence *held,* proper.

6. SAME—WRECKERS—CHAIN ACROSS HIGHWAY IN NIGHTTIME—RE-
QUESTS TO CHARGE—TRAFFIC WARNING.

In automobile damage action where it appears defendant's em-
ployee had created an extremely dangerous condition on the
highway on a dark night by stretching a chain across road to
car astride the cable barrier at side of road, requests to charge
which would have permitted jury to infer that precaution taken
in matter of warning traffic was sufficient, as a matter of law,
*held,* properly refused.

7. SAME—WRECKERS—CHAIN ACROSS HIGHWAY IN NIGHTTIME—IN-
STRUCTIONS—QUESTION FOR JURY AS TO WARNINGS.

Instruction that defendant owner of wrecker, which had been
called to remove a car astride the cable barrier at edge of road
on a dark night, had a right to stretch a chain from such car
across road to wrecker but leaving to jury question of whether
or not reasonable warning had been given to plaintiff motorist
*held,* proper.

8. APPEAL AND ERROR—VERDICTS—OVERWHELMING WEIGHT OF EVI-
DENCE—RECORD.

Claim that verdict for plaintiff motorist in his action against
owner of wrecker whose employee had stretched a chain across
the highway on a dark night was against the overwhelming
weight of the evidence *held,* not sustained by the record.

Appeal from Marquette; Bell (Frank A.), J.
Submitted January 12, 1939. (Docket No. 36, Cal-
endar No. 40,294.) Decided April 4, 1939.

Case by Abe Vashaw against Marquette Public
Service Garage, a Michigan corporation, for per-
sonal injuries sustained when his automobile ran

into a chain stretched across the road between defendant's wrecker and a wrecked automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Leslie Erickson,* for plaintiff.

*Eldredge & Eldredge,* for defendant.

NORTH, J.   Plaintiff on trial by jury had verdict and judgment for $1,500 as damages which he suffered in a motor vehicle accident west of Marquette on M-28.   Defendant has appealed, and asks (1) that the judgment be reversed without a new trial on the ground that defendant's motion for a directed verdict should have been granted because the record shows plaintiff was guilty of contributory negligence as a matter of law; or (2) that in the alternative the judgment be reversed and a new trial ordered because of the trial court's refusal to charge the jury as requested by defendant.

In determining whether defendant was entitled to a directed verdict, the record must be considered in the light most favorable to plaintiff.   So stated, the facts are as follows:  About midnight a disabled car, facing northeast, was nearly off the pavement and astride of a cable barrier on the north side of the east and west highway.   Defendant's wrecker, facing southwest, stood with its rear wheels about on the south edge of the blacktop, being there to assist the disabled car.   A towing chain fastened to the rear of the wrecker had been stretched across the northerly part of the pavement and fastened to the rear of the disabled car.   The distance between the two vehicles was 10 or 11, possibly 15, feet.   A disinterested bystander was asked by the man in charge of defendant's wrecker to use a flashlight which was

provided by defendant's employee to flag traffic approaching from the west at a point about 140 feet from the wrecker; but plaintiff testified that the man was not so stationed and did not give him warning as he approached from the west, and plaintiff's testimony must be accepted. However, plaintiff testified that about a second before the crash he saw a man with a flashlight in his hand near the south line of the pavement about 15 feet from the standing vehicles. It was a dark night. There were no lights on the chain and it was not visible to one approaching in the highway. There were no lights on the disabled car and none on the wrecker except its headlights, which were shining into the woods on the southerly side of the highway. The wrecker was in the range of the lights on plaintiff's Dodge truck for a distance of 200 feet. Plaintiff was on a dry pavement, keeping a lookout, and driving between 25 and 30 miles per hour. When about 300 feet from the wrecker he saw its lights and that a vehicle was standing on his side of the road. He slowed down to a point about 40 feet from the wrecker and then reduced his speed to about 15 miles per hour. About this time plaintiff saw both the wrecker and the disabled car. He could have stopped before he reached the point of accident; but he thought he could pass between the two standing cars and would stop after having done so. The lights and brakes on plaintiff's truck were in adequate condition. Apparently without having seen the chain stretched across the northerly side of the pavement, plaintiff collided with it. The chain broke through the windshield of plaintiff's truck and he was rather seriously injured.

The course of conduct of defendant's employee and agent, as above-outlined, produced under the circum-

stances an extremely dangerous condition in the highway. In consequence thereof, defendant was bound to use a high degree of precaution to avoid injuries to other users of the highway. The fact that neither defendant's wrecker nor the car at the side of the road was moving was more indicative of safety, or at least less indicative of danger, than if either of them had been moving. The record conclusively shows that plaintiff did not approach the point of accident in a manner that was in total disregard of his own safety. Instead he clearly exercised some degree of care and caution.

The statutory provision (1 Comp. Laws 1929, § 4697 as amended by Act No. 119, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565]), that one shall not drive a motor vehicle on a highway "at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead," does not apply to such an obscure menace to safety as a chain stretched across a public highway in the darkness of night, in the sense that an approaching driver who does not see the chain is guilty of negligence as a matter of law. *Brown* v. *County of Oakland,* 279 Mich. 55.

On this record the issues of defendant's negligence and of plaintiff's contributory negligence are so clearly issues of fact, and not of law, that there is no occasion for detailed discussion or citations of adjudicated cases of like character. The appeal on this ground is without merit.

Appellant asserts that prejudicial error was committed by the refusal of the trial court to give either of the following requests to charge:

(a) "I charge you that if you find the witness Davis gave timely warning to Vashaw, as testified

by him, then the plaintiff cannot recover, and your verdict should be 'No cause of action.'

(b) "If you believe the witness Lenwood Davis as to his attempt to flag Vashaw with a lighted flashlight and as to the place where he then stood, then there was no negligence chargeable to this defendant, and your verdict will be 'No cause of action.' "

There is conflicting testimony as to whether, as defendant claims, a bystander was provided with a flashlight and at the request of the driver of defendant's wrecker used the flashlight in an attempt to flag plaintiff at a point about 140 feet west of the place of accident. On this phase of the case the charge given to the jury reads:

"So I charge you that if you find from the evidence that the witness Davis actually gave a timely warning to the plaintiff Vashaw, as Davis has testified, by flagging him with a lighted flashlight at a reasonable distance away from the scene of the accident, then it was the duty of the plaintiff to see it (the flashlight), if it was there to be seen, and to take some heed of it in connection with the fact that shortly or immediately thereafter he saw a wrecker and the wrecked car in the position he has described. It was his duty then to take the care and caution that an ordinarily careful and prudent man would have taken, and if he did not do that, he would be guilty of contributory negligence, and if you should so find, he cannot recover here and your verdict should be for the defendant."

The charge as given covered the law applicable to the facts in this case. Neither of the charges requested by defendant is a proper statement of law as applied to this case, because in each, if given, the court would have impliedly stated to the jury that the precaution taken by defendant to warn oncoming

traffic was, as a matter of law, sufficient. Under this record, this phase of the case presented an issue of fact for the jury, not one of law for the court. The court could not charge as a matter of law that by having a third party attempt to flag with a flashlight the oncoming traffic sufficient precaution was taken by defendant, in view of the highly dangerous condition defendant's employee had created in the highway. In this connection, after detailing the facts disclosed by the testimony, the trial court properly charged:

"Now applying that (the court's definition of negligence) to this case and applying it to the question of negligence of this defendant, did this defendant, when his employee put this chain across the road, use all of the precautions for the safety of the traveling public that an ordinarily careful and prudent person would have used. The defendant had the right to block the highway as it did for the purpose of pulling back on the road a wrecked car and was not negligent in doing that, provided it gave reasonable warning to the plaintiff and others traveling and rightfully upon the highway. * * * If he (defendant's employee) did, then there is no liability here and your verdict should be for the defendant."

The charge of the court was impartial, clear, and concise, yet comprehensive and accurate; and appellant-has no just cause for complaint.

Appellant's assignment of error that the verdict was against the overwhelming weight of the evidence is clearly not sustained by the record.

Judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.