### FIREMEN'S INSURANCE COMPANY v. STERLING COAL COMPANY.

1. APPEAL AND ERROR—PRIMA FACIE CASE—EVIDENCE—MOTION FOR JUDGMENT.

   The testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to plaintiff in determining whether or not plaintiff has established a prima facie case, where, on appeal, a claim is made that motion for judgment at close of plaintiff's proofs was erroneously denied.

2. EVIDENCE—INFERENCES—PRESUMPTIONS.

   The reasonable inferences which may be drawn from the affirmative facts proven are evidence, and not presumptions.

3. EXPLOSIVES—PRIMA FACIE CASE—PROXIMATE CAUSE—EVIDENCE.

   Denial of motion for judgment at close of plaintiff's proofs in action by insurance company as subrogee of householder whose home was damaged by explosion *held*, proper, where proofs then presented established the purchase of coal from defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 947.
[2] 20 Am Jur, Evidence § 2.
[4, 5] 3 Am Jur, Appeal and Error § 900.
[7] 22 Am Jur, Explosions and Explosives § 3.
[8] 22 Am Jur, Explosions and Explosives § 103.

ant, its delivery to the premises, an attempt to build a fire a week later, the immediately resulting explosion and damages sustained by the building, its contents and hot-water furnace, and the subsequent finding of a detonator cap and wires in the coal bin, and testimony negativing possibility of the explosion of the boiler and there is no testimony that there was any gas which had escaped into the basement.

4. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse a judgment in a nonjury case, where based on findings of fact, unless the evidence preponderates against such finding.

5. SAME—NONJURY CASES—CREDIBILITY—PREPONDERANCE OF EVIDENCE.

It is the province of the trial judge in a nonjury case to draw legitimate inferences and weigh the probabilities from the established facts, since, as the trier of the facts, he is better able to judge of the credibility of the witnesses and the weight to be accorded their testimony; and the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

6. EXPLOSIVES—DYNAMITE IN COAL—EVIDENCE.

Evidence in subrogee insurer's nonjury action of assumpsit against coal company for breach of warranty to plaintiff's assignors in that coal sold contained dynamite *held,* sufficient to sustain judgment for plaintiff and not to preponderate against trial judge's finding of fact that explosion was due to dynamite contained in the coal and not to other causes.

7. EVIDENCE—DYNAMITE—GENERAL KNOWLEDGE.

The explosive character of dynamite is a matter of general knowledge.

8. EXPLOSIVES—EVIDENCE—EXPERT TESTIMONY.

The trial court's ruling as to objection raised to defendant's offer of expert testimony concerning destructive character of 1 stick of dynamite in action for damages due to dynamite in coal recently delivered to plaintiff's assignor's home *held,* not prejudicial error, where defendant was not precluded from offering proof with reference to the force of dynamite explosions under varying conditions, within the scope of facts involved.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 9, 1957. (Docket No. 58, Calendar No. 47,121.) Decided June 3, 1957.

Assumpsit by Firemen's Insurance Company, subrogee of Aaron and Eva Blanchard, against Sterling Coal Company, a Michigan corporation, on implied warranty of fitness following property damage caused when foreign material in coal exploded. Judgment for plaintiff. Defendant appeals. Affirmed.

*Earl D. Ross* (*Arthur M. Sheridan,* of counsel), for plaintiff.

*Francis W. McCauley* (*Wayne A. Anderson,* of counsel), for defendant.

CARR, J. This case has resulted from an explosion occurring in the basement of a house at 3638 Moore street, Inkster, Michigan, on November 4, 1950. At the time the premises were owned and occupied by Aaron and Eva Blanchard, husband and wife. The house was heated by a hot-water furnace located approximately in the center of the basement. On October 27th preceding the date of the explosion Mr. Blanchard had purchased from the defendant a quantity of coal which was delivered to the residence. At approximately 7 o'clock in the evening of November 4th he undertook to build a fire in the furnace. In the course of the operation he used paper to which he set fire, added a number of pieces of kindling, and then placed thereon 3 shovels of the coal sold and delivered to him by defendant. After closing the furnace door, Mr. Blanchard walked upstairs and started toward the front of the house. Before he reached that point the explosion occurred. As the result, the furnace was destroyed, the interior of the basement seriously damaged, and the walls of the house on the north side were forced out. Following the explosion Mr. Blanchard examined the coal in the bin and found on the pile a detonator

cap and wires, such wires being adapted to the use of a cap of the kind found.

At the time of the explosion the owners carried insurance on the premises with the plaintiff company, the policy providing for coverage from damage resulting from an explosion in the maximum amount of $7,000. An adjuster of the company examined the situation immediately following the occurrence in question, and as a result of the conclusions reached by the company the full amount of the policy was paid. Thereupon the owners executed to plaintiff a subrogation receipt authorizing the company to bring suit or to compromise or settle any claim that the owners might have against a person or corporation liable for the loss that had been sustained. Pursuant to the subrogation agreement plaintiff instituted action against defendant, alleging in the declaration filed the delivery of the coal to the residence of plaintiff's assignors and further asserting that said coal contained dynamite and dynamite caps when so delivered. Plaintiff averred that defendant breached its warranty to plaintiff's assignors in that the coal delivered was not fit for the purpose for which it was sold because of the presence therein of dynamite. Defendant by answer denied liability on its part, and the cause proceeded to trial before the circuit judge without a jury.

At the conclusion of plaintiff's proofs counsel for defendant moved for judgment in its favor, alleging that proper proof had not been introduced to show what caused the explosion. The motion was denied and following the introduction of testimony on behalf of defendant the trial judge, in accordance with conclusions set forth in an opinion dictated on the record, entered judgment for the plaintiff in the amount paid by it under the terms of the insurance policy. Motion for a new trial was made and denied. Defendant has appealed, claiming that the motion

for judgment at the conclusion of plaintiff's proofs was erroneously denied, that the judgment entered was contrary to the weight of the evidence, and that the court was in error in sustaining an objection to a question, propounded to a witness by counsel for defendant, relating to the explosive force of dynamite.

The proofs introduced by plaintiff in support of its right to recover established the purchase of the coal from defendant, the delivery thereof to the premises occupied by Mr. and Mrs. Blanchard, the attempt to build a fire in the furnace during the evening of November 4, 1950, the resulting explosion, and the damages sustained by the building and contents, including the furnace. The right of plaintiff to maintain the action by virtue of the subrogation receipt is not questioned. In considering whether plaintiff by its proofs has established a prima facie case, the testimony and all legitimate inferences that may be drawn therefrom must be viewed in a light favorable to plaintiff. *Anderson* v. *Kearly,* 312 Mich 566; *Douglas* v. *Holcomb,* 340 Mich 43; *Bennett* v. *Hill,* 342 Mich 754. From the undisputed facts in the case it may reasonably be inferred that something of a highly explosive nature was placed in the furnace, with the result disclosed by the proofs. The fact that a detonator cap with wire adapted for use in connection therewith was found in the coal is significant. The record indicates that the cap was of a character that might be used in exploding dynamite. It further appears that at the time of the trial said cap was "alive." After the occurrence of the explosion it was scarcely possible to determine the exact cause thereof other than by permissible inferences from established facts. The trial judge was entitled to draw such inferences.

In *Butrick* v. *Snyder,* 236 Mich 300, 305, a case somewhat analogous to the case at bar, it was said:

"While it is true that a verdict may not rest upon bare conjecture (*Fuller* v. *Ann Arbor R. Co.*, 141 Mich 66 [18 Am Neg Rep 489]), it is also true that a finding as to a particular fact may be based upon inferences fairly drawn from other facts established by proof. *Waidelich* v. *Andros*, 182 Mich 374. The burden was on the plaintiff to prove that the dynamite caps were left in the tool shed by defendant's employees. If unable to furnish positive evidence of this fact, he might establish it by circumstantial proof of such a nature as would create a probability sufficiently strong to lead the jury to conclude that such was the fact. *Dunbar* v. *McGill*, 64 Mich 676. The reasonable inferences which may be drawn from the affirmative facts proven are evidence, and not presumptions."

Of like import is *Koob* v. *City of Lansing*, 321 Mich 150. On the record before us it may not be said that the trial court was in error in denying defendant's motion for judgment in its favor.

This brings us to the question whether the judgment entered in plaintiff's favor was against the weight of the evidence. The record fully supports the conclusion that the explosion was within the furnace. Testimony was offered on behalf of plaintiff negativing the possibility of the explosion of the boiler. The fact that the occurrence took place very shortly after the starting of the fire by Mr. Blanchard is scarcely consistent with any such possible claim. It is suggested that coal gas may have been responsible, but if so it must have been generated with great rapidity. We do not understand that any claim is made by defendant that gas in the basement, escaping from a water heater or gas stove, was responsible for the injury to the building and contents. There is no testimony that such gas was present on the occasion in question. The trial judge obviously came to the conclusion that the most logical explanation for the occurrence was that a highly-explosive

substance had been put into the furnace in the coal used by Mr. Blanchard in his attempt to start the fire. It may be noted in this connection that a witness for defendant, offered as an expert, examined the wire found on the pile of coal in the bin and expressed the opinion that it had been attached to a detonating cap.

This Court has repeatedly held that in cases tried before a judge without a jury we do not reverse unless the evidence preponderates against the findings of fact. In *In re Karch's Estate*, 311 Mich 158, 162, it was said:

"At the outset plaintiff is confronted with the repeated declaration of this Court that where issues of fact have been decided by the circuit judge in a law case tried without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction. The circuit judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. *Vannett v. Michigan Public Service Co.*, 289 Mich 212. It is the province of the trial judge in a nonjury case to draw legitimate inferences and weigh the probabilities from the established facts. *Hazen v. Rockefeller*, 303 Mich 536. The trial judge who heard the witnesses as trier of the facts is better able to judge of their credibility and the weight to be accorded their testimony, and we do not reverse unless the evidence clearly preponderates in the opposite direction. *Besh v. Mutual Benefit Health & Accident Association*, 304 Mich 343."

In accord with said decision are *Hall v. Horak*, 329 Mich 16; *Meyers v. Fort*, 344 Mich 312; *In re Granville Estate*, 345 Mich 495. We do not find in the instant case that the evidence offered on the trial preponderated against the judgment entered. Such judgment is fairly supported by the proofs.

In the course of the examination of defendant's expert witness, the following occurred:

"*Q.* Now, assuming that there was some dynamite in this coal and the coal was thrown in the fire in this hot water furnace, what, in your opinion, would happen?

"*A.* That all depends upon how much dynamite was present.

"*Q.* Well, let us assume there was 1 stick of dynamite.

"*Mr. Sheridan:* I object to that. There is no basis for that, your Honor. We don't know how much dynamite was present.

"*The Court:* I will sustain the objection."

On behalf of appellant it is insisted that the trial court was in error in sustaining the objection to the question above set forth. It is suggested that the purpose in asking the question was to put in evidence the destructive ability of dynamite. The record indicates that counsel did not attempt to reframe the question after the objection was sustained, in order to obviate the specific objection interposed. It further appears that the witness was subsequently recalled to the stand and testified with reference to the noise or sound resulting from dynamite explosions under varying conditions, including such an explosion within a furnace. We think it may also be said that the explosive character of dynamite is a matter of general knowledge.

The record does not justify the conclusion that counsel was precluded from offering proof with reference to the force of dynamite explosions under varying conditions, within the scope of the facts involved in the instant case. If his subsequent examination of the witness did not, in his opinion, fully cover the matter he might properly have inquired further. We cannot say that he was prevented from introducing testimony material to any issue in the case. Under the situation as presented, defendant

may not now claim that it was prejudiced by the ruling of the trial court.

We find no reversible error in the case, and the judgment entered is affirmed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.