RUEGER v. HAMLING.

1. AUTOMOBILES—NEGLIGENCE—SPEED.

It is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it (CLS 1956, § 257.627).

2. SAME—NEGLIGENCE—SPEED—ASSURED CLEAR DISTANCE AHEAD.

Westbound defendant motorist who collided with rear portion of plaintiff's 11' 9" high and 35' long bean combine which extended some 9' into north portion of highway between 6:30 and 7 p.m. late in September *held*, guilty of negligence as a matter of law, since he was violating statute in that he was driving at a rate of speed that did not permit him to stop within the assured clear distance ahead, notwithstanding glaring lights of oncoming traffic, it appearing the road was level and pavement dry (CLS 1956, § 257.627).

3. DAMAGES—CONVERTED BEAN COMBINE—EVIDENCE.

Trial court's exclusion of testimony of farm equipment salesman as to value of converted bean combine which had been severely damaged as a result of defendant's negligence *held*, not to have prejudiced defendant, where it appears the witness had not seen the combine either before or after the accident, had not sold such machines and while he knew it had been converted from a stationary machine, the details of the work of conversion were not explained to him and do not appear in the record and no request was made to take the testimony of the witness on a special record.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 7, 1959. (Docket No. 16, Calendar No. 47,686.) Decided February 20, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5A Am Jur, Automobiles and Highway Traffic §§ 290–292.
    Driving automobile at a speed which prevents stopping within
    length of vision as negligence. 44 ALR 1403, 58 ALR 1493,
    87 ALR 900, 97 ALR 546.

Case by Martin Rueger against Pete H. Hamling for personal injuries and property damage resulting when defendant's automobile struck standing farm implement, with cross declaration by defendant. Directed verdict against defendant on his cross declaration. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Nash, Nash & Harvey,* for plaintiff.

*Crane, Crane, Kessel & Deibel,* for defendant.

CARR, J. Plaintiff brought this action in circuit court to recover damages for injuries to his person and property claimed to have been caused by negligence on the part of defendant. The facts in the case are not materially in dispute. In September, 1954, plaintiff was the owner of a Keck-Gonnerman bean combine. On the 28th day of said month, between 6:30 and 7 p.m., he drove said combine in an easterly direction on Brockway road in Saginaw township, Saginaw county. While endeavoring to enter a driveway on the north side of the road the machine became entangled in shrubbery to such an extent that it was prevented from moving. Releasing the machine required the cutting of some bushes, and while this work was in progress the combine, which was 35 feet in length, projected into the highway for a distance of approximately 9 feet.

The traveled portion of the road was 20 feet in width, so that the north half thereof was nearly blocked by plaintiff's equipment. While plaintiff, with the assistance of 2 men, was endeavoring to free the combine, defendant approached from the east in the lane for westbound traffic. He did not discover the presence of the combine until it was too late for him to stop his car or pass it on the south side of the highway. In consequence the automobile struck

the combine, damaging it to such an extent as to render repair thereof impossible, or impracticable, and causing some bodily injury to plaintiff who was on the combine at the time for the purpose of starting it as soon as the shrubbery had been sufficiently cut away.

Plaintiff alleged in his declaration that defendant was negligent in the operation of his automobile for the reason, among others, that he was proceeding at a rate of speed that did not permit him to stop within the assured clear distance ahead. Reliance was placed in this regard on section 627 of PA 1949, No 300 (CLS 1956, § 257.627 [Stat Ann 1952 Rev § 9.2327]) which provides, in part, that:

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."

Defendant by answer to the declaration denied negligence on his part, and charged that the accident resulted from the negligent conduct of the plaintiff. Defendant also filed a cross declaration claiming the right to recover damages against plaintiff and cross defendant, to which cross defendant filed answer denying liability on his part. The case was tried before a jury. At the conclusion of the proofs plaintiff and cross defendant moved for a directed verdict in his favor on the cross action. The motion was granted, the trial judge stating to the jury in substance that defendant and cross plaintiff was guilty of negligence as a matter of law in that he was operating his automobile at the time in question in violation of the provision of the statute above quoted. The issue as to negligence on the part of plaintiff Rueger was submitted to the jury, which returned a verdict in plaintiff's favor in the sum of $3,500. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were

submitted by defendant and cross plaintiff, and were denied. Judgment was entered on the verdict. Defendant and cross plaintiff has appealed.

The principal question at issue in the case is whether the trial judge was in error in directing a verdict against defendant and cross plaintiff on his cross action, and in charging that he was guilty of negligence as a matter of law. This requires a consideration of the circumstances, as disclosed by the proofs, involved in the accident. The testimony is not altogether in accord as to whether it was dark at the time. Defendant testified that it was "getting pretty dark." The lights on both the combine and the automobile were on at the time of the impact. It should be noted, however, that because of its position the lights of the combine were not visible to defendant as he approached it. Testimony introduced on behalf of plaintiff indicates that it was dusk, but not dark, at the time of the occurrence in question. It is not disputed that Brockway road was a county highway, that it was straight and level in proximity to the place of the accident, and that its tarvia surface was in good condition. The weather was clear and the roadway was dry.

Plaintiff's combine was followed by a pickup truck, driven by his employee, which stopped on the south side of the road, partly off the traveled portion thereof and at a distance of 80 or 85 feet to the west of the combine. The driver of the truck remained therein until the accident happened, estimating the length of time during which he was parked in the manner indicated at 3 or 4 minutes. He testified also that the parking lights of the truck were on at the time. Defendant claimed that he had his "driving lights" turned on, that the lights on the pickup truck were bright, and that his vision was interfered with thereby to such an extent that he did not see the combine until he was close to it. He

claimed that when he did see it he applied his brakes and undertook to turn to the left but was unable to avoid the impact.

The proofs in the case disclose that the combine which, as before noted, extended practically to the middle of the traveled portion of the road, was 11 feet, 9 inches, in height. It is also in evidence that 2 automobiles traveling in a westerly direction immediately prior to the accident, and while the combine was standing in part on the road and in part in the private drive, had passed behind it, turning to the south side of the road in so doing. As noted, however, defendant did not discover the obstruction before him in time to avoid it. According to his testimony he was driving around 35 or 40 miles per hour. Based on the proofs in the case the trial judge concluded that defendant was proceeding in violation of the statute and was, in consequence, guilty of negligence as a matter of law.

The assured clear distance rule has been repeatedly before this Court. In *Budnick* v. *Peterson,* 215 Mich 678, the defendant claimed that his vision was obscured by the bright headlights of an approaching car. Commenting thereon, it was said (p 681):

"If his vision was obscured by the glaring lights of the approaching car, it was his duty to slacken his speed and have his car under such control that he might stop it immediately if necessary."

In *Holsaple* v. *Superintendents of Poor of Menominee County,* 232 Mich 603, the automobile in which plaintiff was riding ran into the rear of a horse-drawn wagon on which a light was not displayed. The driver of the automobile sought to excuse his act by claiming that he was blinded by the lights of an approaching car. It was held, citing prior decisions, that:

"It is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." (Syllabus 2.)

"It is the duty of the driver of an automobile on a public highway, whose vision is obscured by the glaring lights of an approaching car, to slacken his speed and have his car under such control that he may stop it immediately if necessary." (Syllabus 3.)

The above decisions, and others of like import, were relied on in *Nevill* v. *Murdey,* 333 Mich 486. There the plaintiff was driving his automobile on a 2-lane paved highway at about 7:30 in the morning of January 4, 1949. Defendant's employee had undertaken to back a tractor-trailer outfit across the pavement into a driveway, and had stopped in such manner that the headlights of the tractor were shining in the direction from which plaintiff was approaching. The latter was traveling at approximately 35 miles per hour. He claimed that as he approached the tractor he dimmed his own headlights, and that he did not see defendant's trailer blocking the road in front of him until he was in such proximity to it that he was unable to stop. It was held that plaintiff's conduct was not excused by the circumstances, and that he was guilty of negligence as a matter of law. It will be noted that the facts in that case are somewhat analogous to those in the instant case, construing the testimony as strongly as reasonably possible in defendant and cross plaintiff's favor. Among other decisions in accord with the foregoing are: *Ruth* v. *Vroom,* 245 Mich 88 (62 ALR 1528); *Morrison* v. *Demogala,* 336 Mich 298; *Lewis* v. *Yund,* 339 Mich 441.

The facts in the case at bar conclusively establish that defendant and cross plaintiff was violating the statute in that he was driving at a rate of speed that

did not permit him to stop within the assured clear distance ahead. There are no circumstances legally excusing his conduct. We are not dealing with a situation involving an obstruction on a highway of such nature that it cannot be seen by a person approaching in the exercise of ordinary care. The accident did not happen because of a highway defect that was not visible except at short range, nor did it result from an obstacle of such size or nature that its presence would not necessarily be discovered by one approaching with due care. Decisions like *Martin* v. *J. A. Mercier Co.,* 255 Mich 587 (78 ALR 520); *Bard* v. *Baker,* 283 Mich 337; and *Vashaw* v. *Marquette Public Service Garage,* 288 Mich 363, are not in point. Neither may it be said that the facts, as disclosed by the proofs in the case, were concealed from view, or camouflaged, in such manner as to render discovery difficult. No claim is made that the combine was hidden by shrubbery, or concealed by fog or smoke. It did not suddenly appear on the road in front of defendant and cross plaintiff after the latter was in such proximity that he could not stop or turn aside. The suggestion that it was so covered with dust as to be obscured is not supported by proofs. Driving in such manner as to be unable to discover an object of the size of the combine in time to avoid running into it on the traveled portion of the road must be regarded as a violation of the statute, and, hence, as negligence as a matter of law. The trial judge was not in error in so holding. *Parsons* v. *Hoffman,* 352 Mich 8; and *Peden* v. *Carpenter,* 352 Mich 604, are clearly distinguishable on the facts.

It is also claimed on behalf of defendant that the trial judge erroneously sustained an objection to the testimony of a witness from whom counsel sought to elicit an opinion as to the value of the combine. The proofs offered on behalf of plaintiff disclose that the machine was purchased by him in 1940 as a station-

ary Keck-Gonnerman unit. In 1944 he started to convert it into a self-propelled unit, completing the work in 1947 at a total cost, as plaintiff claimed, of $6,750. The witness whose testimony defendant sought to introduce had not examined nor seen the combine, either before or after the accident. It does not appear that he had heard the testimony of other witnesses with reference to its condition. He was a salesman for Oliver farm equipment and had not sold Keck-Gonnerman bean separators, either stationary or converted into self-propelled vehicles. His specialty at the time of the trial was handling beet-harvesting equipment. He was shown photographs of the combine and advised by counsel questioning him that plaintiff had converted a stationary Keck-Gonnerman unit into the combine as it was at the time of the accident.

The details of the work of conversion were not explained to the witness, nor do they appear in the record. The witness indicated that he had never bought or sold any converted bean combines, and that the only way he could appraise such a machine would be in the light of an offer to trade it in on another machine. In view of the nature and character of the combine in question here, the fact that the witness had not examined it himself, that he had never bought or sold such machines, and could, at most, express an opinion based solely on what might be allowed for it in a transaction involving the exchange of equipment, we conclude that the trial judge was not in error in sustaining the objection to the testimony. The situation is not analogous to that presented in instances in which experienced automobile salesmen are permitted, after proper qualification, to testify as to the value of secondhand vehicles of standard makes. It will be noted, also, that no request was made to take the testimony of the witness on a special record. *Bujalski* v. *Metzler Mo-*

*tor Sales Company,* 353 Mich 493. In consequence, it may not be said with certainty, assuming that such testimony was competent, that defendant was prejudiced by excluding the opinion of his witness.

We find no reversible error in the case, and the judgment is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.