NASS v. MOSSNER.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    The testimony must be viewed in the light most favorable to plain-
    tiffs in determining whether or not verdict was properly di-
    rected for defendants.

2. AUTOMOBILES—HAY WAGON—DUSK—NEGLIGENCE—REAR-END COL-
    LISION—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
    Whether a camouflage condition existed and whether defendants'
    hay wagon would or would not have been discernible, under
    all the existing circumstances, to one approaching it in the
    exercise of ordinary care, were questions of fact for jury in
    actions arising from personal injuries received by plaintiff
    driver and from damages to car owned by other plaintiff and
    his subrogee insurer, when car collided with unlighted load of
    baled hay 8' wide and 12' high at dusk late in July (CLS 1956,
    § 257.627).

3. SAME—HAY WAGON—GROSS NEGLIGENCE—REAR-END COLLISION—
    CONTRIBUTORY NEGLIGENCE.
    Contention that action of defendants in driving tractor and un-
    lighted hay wagon on paved, 2-lane, public highway constituted
    gross negligence, thereby excusing contributory negligence, if
    any, of plaintiff motorist in colliding with rear end of wagon
    *held*, without merit, the essence of gross negligence being a
    reckless disregard of the safety of another (CLS 1956, § 257-
    .627).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted October 4, 1960. (Docket Nos. 2, 3, Calen-
dar Nos. 48,232, 48,233.) Decided April 26, 1961.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2, 3] 5A Am Jur, Automobiles and Highway Traffic § 1028.

Case by Robert A. Nass against Harvey J. Mossner and Emma Mossner for personal injuries sustained when automobile he was driving struck rear of farm wagon drawn by tractor, July 25, 1957. Similar action against same defendants by Henry W. Nass and Hartford Fire Insurance Company, subrogee, for property damage. Cases combined for trial and appeal. Directed verdict for defendants. Plaintiffs appeal. Reversed and remanded.

*Peter F. Cicinelli* and *Eugene D. Mossner,* for plaintiffs.

*Heilman & Purcell,* for defendants.

DETHMERS, C. J.  In these two cases, combined for trial and appeal purposes, plaintiffs appeal from a directed verdict for defendants.  Plaintiff Robert A. Nass, hereinafter called the plaintiff, was the driver and his father, plaintiff Henry W. Nass, was the owner of an automobile insured by plaintiff insurance company.  Suits were for plaintiff's personal injuries and for damages to the father's automobile.  Defendants were owners of a tractor and attached farm wagon drawn by it.

Viewing the evidence, as we must (*Firemen's Insurance Co.* v. *Sterling Coal Co.,* 348 Mich 564), in the light most favorable to plaintiffs for purposes of this appeal, the pertinent facts are:

On July 25th, at about 8:30 p. m., when it was just dusk, dark enough so that it was necessary for automobiles to have their lights on, plaintiff was driving the automobile north at a rate of speed between 45 and 50 miles per hour.  He had the "dimmers," as distinguished from the "bright" lights, on.  He was traveling on his right side of the road, looking straight ahead.  The highway had a 2-lane, cement pavement, 20 feet in width.  Grass grew on the

shoulders of the road on each side. Beyond these were fields of growing crops of hay, soy beans, alfalfa, et cetera. Some distance ahead of plaintiff, on the horizon, trees flanked the highway on either side. The predominant color of all these surroundings, in varying shades, was green. Defendants' tractor and wagon were also traveling north, at a very low rate of speed, in the same lane, directly ahead of plaintiff. The wagon was 8 feet wide, made of old, dark wood which never had been painted, it was covered with dust and dirt and was loaded with baled hay to a height of just under 12 feet. There was no taillight or reflector on the wagon. Plaintiff never saw the wagon or tractor ahead of him at any time, although he was looking straight ahead. He drove the automobile directly into the rear of the wagon. The results were personal injuries to plaintiff and damages to the automobile.

Plaintiffs' declarations alleged that as the plaintiff approached the wagon loaded with hay it so blended into the atmosphere and surrounding terrain as to become camouflaged and completely invisible to him, so that he could not and did not see it until too late to be able to avoid it, although he was looking directly ahead where it was.

In directing a verdict for defendants, the trial court held plaintiff guilty of contributory negligence as a matter of law. It based this holding on the assured-clear-distance-ahead statute*, citing cases to the effect that one who runs an automobile into the rear end of another vehicle plainly to be seen on the road directly ahead of him, violates that statute and is guilty of negligence as a matter of law.

Defendants rely on those and other cases holding a plaintiff to be in violation of the mentioned statute and guilty of contributory negligence as a matter of

---

* CLS 1956, § 257.627 (Stat Ann 1952 Rev § 9.2327).

law in running into the rear of an unlighted vehicle parked on the highway after dark, such as *Angstman* v. *Wilson,* 258 Mich 195 (31 NCCA 1), *Lett* v. *Summerfield & Hecht,* 239 Mich 699, *Ruth* v. *Vroom,* 245 Mich 88 (62 ALR 1528), *Spencer* v. *Taylor,* 219 Mich 110, *Rueger* v. *Hamling,* 355 Mich 489.

Plaintiffs point to *Martin* v. *J. A. Mercier Co.,* 255 Mich 587 (78 ALR 520), in which this Court held that the question of the negligence of one running an automobile into a large excavation in the highway on a dark, misty morning was one of fact for the jury; *Vashaw* v. *Marquette Public Service Garage,* 288 Mich 363, in which plaintiff struck a chain stretched across the road at night, this Court holding that the question of whether failure to see chain was negligence was factual for the jury; *Bard* v. *Baker,* 283 Mich 337, in which plaintiff struck mats protruding from a truck and this Court held that failure to see them presented a question of fact for the jury as to plaintiff's contributory negligence, saying (p 343) that "a person should not be guilty of contributory negligence as a matter law in failing to see an object which was undiscernible to a person approaching the same in the exercise of ordinary care;" *Barner* v. *Kish,* 341 Mich 501, 506, in which this Court approved an instruction that, "the rule as to assured clear distance ahead never comes into being until there is a *visible* object on the road in front of the driver" (italics supplied); *Rueger* v. *Hamling,* 355 Mich 489, in which the cross-plaintiff struck a large bean combine and this Court distinguished the case from the above *Martin, Bard,* and *Vashaw Cases,* involving the excavation in the highway, the chain across the road, and the protruding and allegedly undiscernible mats, saying (p 495):

"There are no circumstances legally excusing his (cross-plaintiff's) conduct. We are not dealing with

a situation involving an obstruction on a highway of such nature that it cannot be seen by a person approaching in the exercise of ordinary care. The accident did not happen because of a highway defect that was not visible except at short range, nor did it result from an obstacle of such size or nature that its presence would not necessarily be discovered by one approaching with due care. Decisions like *Martin* v. *J. A. Mercier Co.,* 255 Mich 587 (78 ALR 520); *Bard* v. *Baker,* 283 Mich 337; and *Vashaw* v. *Marquette Public Service Garage,* 288 Mich 363, are not in point."

The pertinent language of the statute in question is "assured, clear distance ahead." We think the above decisions urged by the respective parties and other cases as well, relating to that statute, are consistent even though in some the question of the driver's negligence was held to be a matter of law and in others a question of fact. When the object ahead of the driver and the surrounding conditions were such that, had he exercised due care, he must have seen it, negligence as a matter of law was ascribed to him. When the size or character of the confronting object and attending conditions were such that it might have been "undiscernible to a person approaching the same in the exercise of ordinary care," then the question of his negligence was one of fact for the trier of the facts.

Here plaintiff alleged a camouflage condition rendering the hay wagon undiscernible to him even though he was approaching it, as he claimed, in the exercise of due care. There were proofs in support of as well as those opposed to this. Whether a camouflage condition did exist and whether the hay wagon would or would not have been discernible, under all the existing circumstances, to one approaching it in the exercise of ordinary care, were

questions of fact for the jury. Plaintiff is entitled to a new trial accordingly.

Because the question might come up on retrial, we should say that we find no merit in plaintiffs' contention that the trial court should have permitted the case to go to the jury on the theory of gross negligence on the part of defendants eliminating plaintiff's alleged contributory negligence as a bar to recovery. Plaintiffs plant this on *Gibbard* v. *Cursan*, 225 Mich 311. While the opinion in that case refers to the doctrine of gross negligence as avoiding the rule that plaintiff's contributory negligence is a bar to his right to recovery, this Court, in so doing, was using the term "gross negligence" as synonymous with subsequent negligence. In that case this Court said of that doctrine of gross negligence (p 320) that it "may not be invoked to excuse concurrent negligence of a plaintiff." Here, if plaintiff was negligent at all in failing to see the hay wagon in time to avoid the accident, his negligence was concurrent with defendants'. The doctrine, if valid, is, therefore, without application here. By that we must not be understood as confining the doctrine of gross negligence in each case to the simple situation of subsequent negligence. Its essence is a reckless disregard of the safety of another. 2 Restatement, Torts, § 482, comment (a). See, also, § 500.

Reversed and remanded for new trial. Costs to plaintiffs.

Carr, Kelly, Smith, Edwards, Kavanagh, and Souris, JJ., concurred with Dethmers, C. J.

Black, J. *(concurring).* These cases came to trial after — not before — the effective date of section 3a of Court Rule No 23 (352 Mich xiv). Previous decisions, approving or ordering peremptory verdicts or judgments notwithstanding jury verdicts in

so-called "assured-clear-distance" cases, do not as a matter of casual course apply now. It is not so easy, today, to write that the question of contributory negligence is one of law for the court rather than one of fact for the jury, the burden of proof in such regard having been lifted from the plaintiff's shoulders and cast in the case solely as an affirmatively pleadable defense.* That which once justified a directed verdict on assignment of contributory negligence (as in the twin case of *Rueger* v. *Hamling,* 355 Mich 489) does not necessarily support a peremptory verdict now.

My views to this point, that the party bearing the burden of proof "cannot assume that he has made out his case or defense," appear in *Waltanen* v. *Wiitala,* 361 Mich 504, 513–515, and *Nabozny* v. *Hamil,* 361 Mich 544, 545. If this new factor of transfer of burden to the defendant is to mean anything, it should be recognized and applied, not ignored, as we "divide and re-divide with monotonous regularity"† over the utility of precedents antedating said section 3a.

I concur in reversal. The defendants bore the burden of pleading and proving the plaintiff driver guilty of contributory negligence and, considering the somewhat unusual facts as related in the Court's opinion, succeeded in making of such defense no more than an issue for jury determination.

---

* This change was made to align Michigan with the great weight of near universal authority. See *City of Dearborn* v. *Bacila,* 353 Mich 99, 110–119.

† The expression is that of Mr. Justice SMITH, written in *Sheppard* v. *Michigan National Bank,* 348 Mich 577, 582.