LIBRALTER PLASTICS, INC v CHUBB GROUP OF INSURANCE
COMPANIES

Docket No. 132745. Submitted November 18, 1992, at Lansing. De-
cided May 3, 1993, at 9:00 A.M. Leave to appeal sought.

Libralter Plastics, Inc., brought an action in the Oakland Circuit
Court against Chubb Group of Insurance Companies and Fed-
eral Insurance Company, after the defendants denied, on the
basis of a policy exclusion for mysterious disappearances, a
theft claim under the plaintiff's commercial insurance policy
with the defendants that provides coverage for the loss of
personal property of others not owned by the insured, but in its
care, custody, or control. Two injection molds entrusted to the
plaintiff by a third party and stored in an unsecured area on
the plaintiff's property could not be found. The court, Martin B.
Breighner, J., visiting judge acting for John N. O'Brien, J.,
granted summary disposition for the defendants, ruling that
the mysterious disappearance exclusionary clause applied. The
plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition. The
plaintiff presented adequate circumstantial evidence from
which the jury could draw an inference that the molds had
been stolen. The defendants then had the burden of proving
that the mysterious disappearance exclusionary clause pre-
cluded recovery. Although the defendants presented evidence
supporting their theory that the molds mysteriously disap-
peared, reasonable minds could differ with regard to whether
they disappeared as a result of theft or mystery.

Reversed and remanded.

TAYLOR, P.J., dissenting, stated that summary disposition was
appropriate because the plaintiff failed to present either direct
or circumstantial evidence that the molds were stolen. The
affidavit of plaintiff's vice president purporting to contain proof
of theft contains nothing more than conjecture and speculation.

REFERENCES

Am Jur 2d, Summary Judgment §§ 15, 16, 17, 20, 22, 23, 26;
Insurance §§ 501, 2018.

Provisions of burglary or theft policy as to effect of disappearance of
property. 12 ALR3d 865.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — EVIDENCE —
GENUINE ISSUE OF MATERIAL FACT.

A party opposing a motion for summary disposition alleging no
genuine issue regarding any material fact may not rest upon
mere allegations or denials in the pleadings, but must set forth
specific facts using documentary evidence to show the existence
of a genuine issue for trial; the nonmoving party must present
more than conjecture and speculation to meet its evidentiary
burden (MCR 2.116[C][10].

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — EVIDENCE —
GENUINE ISSUE OF MATERIAL FACT.

A party opposing a motion for summary disposition alleging no
genuine issue regarding any material fact need not rebut every
possible theory that the evidence could support; if there is
evidence pointing to one theory of causation, indicating a
logical sequence of cause and effect, to support the nonmoving
party's theory, it does not matter that the evidence could
support other plausible theories (MCR 2.116[C][10]).

3. INSURANCE — WORDS AND PHRASES — MYSTERIOUS DISAPPEAR-
ANCES.

The term "mysterious disappearance" in an insurance policy
exclusionary clause includes a disappearance that occurs as a
result of unknown, puzzling, and baffling circumstances that
arouse wonder, curiosity, or speculation, or under circum-
stances that are difficult or hard to explain.

*Butzel Long* (by *James E. Wynne* and *Daniel
R. W. Rustmann*), for the plaintiff.

*Gregory & Associates, P.C.* (by *Alan G. Gregory*),
for the defendants.

Before: TAYLOR, P.J., and SHEPHERD and MARI-
LYN KELLY, JJ.

MARILYN KELLY, J. This case involves interpreta-
tion of language in defendants' insurance policy
covering plaintiff's business property. Plaintiff ap-
peals from an Oakland Circuit Court order grant-
ing summary disposition to defendants under MCR
2.116(C)(10). Plaintiff argues that the trial court

erred in granting the motion, because a genuine issue of material fact exists. We agree and reverse.

I

Plaintiff manufactures plastic products and is insured by defendants. Defendant Federal Insurance Company is a member of defendant Chubb Group of Insurance Companies.

One of plaintiff's customers entrusted two kirksite injection molds to plaintiff for use in producing six hundred plastic boat launchers. Plaintiff originally stored the molds inside its production buildings. In time, it moved them to an unsecured area on its property out-of-doors. When the owner later inquired about another production run, plaintiff was unable to locate the molds. After further searching, plaintiff determined that they had been lost and filed a theft claim under its commercial insurance policy with defendants. Defendant Chubb denied the claim.

Plaintiff filed suit against defendants for the replacement cost of the molds. Defendants filed a motion for summary disposition asserting that no genuine issue of material fact existed; the loss of the molds fell within the insurance clause exclusion for "mysterious disappearances." Defendants supported the motion with deposition testimony from plaintiff's vice-president, Robert Bretz. He stated that the molds had disappeared, and he was uncertain whether they had been stolen.

Plaintiff countered the deposition testimony with statements from an affidavit by Bretz. In it, Bretz asserted that kirksite has intrinsic value in the injection mold industry and is easily melted and recast for constructing other molds. He indicated that persons skilled in the industry, including himself, would consider molds of this substance

to be stolen if they became lost and unaccounted for.

The trial court granted defendants' motion for summary disposition, ruling that the mysterious disappearance exclusionary clause applied.

II

In construing an insurance contract, courts must first determine whether coverage exists. *Allstate Ins Co v Freeman*, 432 Mich 656, 668; 443 NW2d 734 (1989). Next, they must determine whether an exclusion precludes coverage. *Id.* Therefore, we first determine whether plaintiff in this case created a genuine issue of material fact that coverage existed for the loss of the molds.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. In deciding on it, the trial court must give the benefit of reasonable doubt to the non-moving party. It determines whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand)*, 192 Mich App 472, 480-481; 481 NW2d 807 (1992). All reasonable inferences are drawn in favor of the nonmoving party. *Perez v KFC Nat'l Management Co, Inc*, 183 Mich App 265, 267-268; 454 NW2d 145 (1990), citing *Dagen v Hastings Mutual Ins Co*, 166 Mich App 225, 229; 420 NW2d 111 (1987). The party opposing the motion may not rest upon mere allegations or denials in the pleadings. It must set forth specific facts using documentary evidence to show the existence of a genuine issue for trial. *Hutchinson*, 481.

The insurance policy in this case provides coverage for loss to personal property of others not owned by the insured but in its care, custody or

control. Plaintiff asserts that the facts presented would lead a jury to conclude that the molds had been stolen, a loss insured under the policy. Although loss by theft is not explicitly mentioned as a covered loss in the insurance policy, both parties agree that defendants' coverage would apply if the molds were stolen.

Plaintiff asserts that there was adequate circumstantial evidence from which the jury could draw an inference that the molds had been stolen. The two molds weighed four hundred pounds each and could not be easily moved. The kirksite which composed them is a valuable alloy used in the plastic injection mold manufacturing industry. The molds were outside when the loss occurred. Defendants argue that this evidence led to nothing more than conjecture and that, to find the molds had been stolen, the jury would have to deal in speculation.

Circumstantial evidence may be sufficient to establish a case. *Firemen's Ins Co v Sterling Coal Co,* 348 Mich 564; 83 NW2d 319 (1957). However, parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact. *McCune v Meijer, Inc,* 156 Mich App 561, 563; 402 NW2d 6 (1986), citing *Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981). A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. *Kaminski v Grand Trunk W R Co,* 347 Mich 417, 422; 79 NW2d 899 (1956), citing *City of Bessemer v Clowdus,* 261 Ala 388, 394; 74 So 2d 259 (1954).

III

Michigan courts have yet to interpret insurance

policy language similar to that used here. However, other jurisdictions have addressed the same language in similar factual situations. See *Long v Glidden Mutual Ins Ass'n,* 215 NW2d 271 (Iowa, 1974).

In the *Long* case, the plaintiffs were covered under an insurance policy for crop theft. The policy expressly excluded loss caused by a mysterious disappearance. Long harvested three thousand bushels of soybeans and placed them in three overhead bins. When preparing to deliver the beans to market, Long discovered that one bin was four hundred bushels short. A police investigation revealed no evidence of theft. Nonetheless, the trial court concluded that the beans had been stolen.

In *Long,* the Iowa Supreme Court recognized that an inference of theft is justified under certain circumstances. These include when property disappears without the owner's knowledge or authority, appears not to have been accidentally mislaid or lost and could not have strayed by itself. *Id.,* 273. The beans were of a quantity and bulk not readily susceptible to being accidentally mislaid or lost. *Id.* Unlike livestock, they could not walk away. The absence of indicia of a forced entry was not relevant, because the beans were stored in such a manner that they could have been stolen without leaving signs of entry. *Id.,* 273-274. The court concluded that there was sufficient circumstantial evidence to allow the trier of fact to conclude that theft was more probable than any other theory.

IV

Consistent with *Long,* plaintiff in this case need not rebut every possible theory which the evidence

could support. See *Kaminski,* 422; *Long,* 274. Cf. *Raff v Farm Bureau Ins Co of Nebraska,* 181 Neb 444; 149 NW2d 52 (1967). If there is evidence pointing to one theory of causation, indicating a logical sequence of cause and effect, it does not matter if the evidence can support other plausible theories. *Kaminski,* 422.

A jury could reasonably infer based on the evidence presented here that theft was more probable than any other theory of loss. The inference could be drawn from the following facts: (1) the ponderous size of the molds; (2) their slight mobility; (3) their high value; (4) their easily-melted composition; (5) their placement outside; and, (6) the affidavit by Bretz that persons skilled in the industry would expect such molds had been stolen if they became lost and unaccounted for. This evidence was more than mere conjecture and was sufficient to withstand a motion for summary disposition.

V

Since plaintiff introduced sufficient evidence to establish a prima facie case of theft, the burden shifted to defendants to prove that the mysterious disappearance exclusionary clause precluded recovery. *Long,* 274, citing 21 Appleman, Insurance Law & Practice, § 12238, p 182 (1962); 46 CJS, Insurance, § 1359, p 561. The term "mysterious disappearance" has been defined as: "unknown, puzzling, and baffling circumstances which arouse wonder, curiosity, or speculation, or under circumstances which are difficult or hard to explain." *Raff,* 447.

In arguing that the exclusionary clause should apply here, defendants rely heavily on the fact that plaintiff's inventory system was inadequate. In fact, plaintiff had a history of mislocating tools

belonging to other individuals. Robert Bretz testified during his deposition that it was not unusual for plaintiff to conduct more than one search for a tool.

Although defendants presented evidence supporting their theory that the molds mysteriously disappeared, we conclude that reasonable minds could differ on whether they disappeared as the result of theft or mystery. Therefore, we find that the trial court erred in granting summary disposition.

Reversed and remanded. We do not retain jurisdiction.

SHEPHERD, J., concurred.

TAYLOR, P.J. *(dissenting)*. I disagree with the majority's conclusion that plaintiff presented any proof, either direct or circumstantial, that the molds were stolen. All that plaintiff has shown is that these molds are gone, and that plaintiff doesn't know where they went or why they are gone. I would find that the affidavit purporting to contain proof of theft in reality contains nothing more than conjecture and speculation,[1] *Kaminski v Grand Trunk W R Co,* 347 Mich 417, 422; 79 NW2d 899 (1956), and accordingly that plaintiff failed in its burden under MCR 2.116(C)(10). *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115; 469 NW2d 284 (1991).

I would affirm.

[1] It is my view that both the deposition and the affidavit of Robert Bretz were merely speculative, while the majority found evidence of theft in Bretz' affidavit. However, his affidavit contradicts his earlier deposition testimony in this regard contrary to *Gamet v Jenks,* 38 Mich App 719, 726; 197 NW2d 160 (1972), and its progeny, which precludes a party from creating factual issues by submitting an affidavit contradicting his own prior testimony. Thus, even if Bretz' affidavit does contain evidence of theft, it may not properly be used to defend a motion for summary disposition.