# STATE OF MICHIGAN

# COURT OF APPEALS

L. Z. McCOY,

       Plaintiff-Appellant,

v

LAUREL HEALTH CARE COMPANY OF
GALESBURG, d/b/a LAURELS OF
GALESBURG,

       Defendant-Appellee.

UNPUBLISHED
January 21, 2016

No. 323423
Kalamazoo Circuit Court
LC No. 2013-000436-CZ

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In this employment dispute, plaintiff, L. Z. McCoy, appeals by right the trial court's order granting the motion for summary disposition by defendant, Laurel Health Care Company of Galesburg, which does business as Laurels of Galesburg (Laurel Health). Because the trial court did not err when it dismissed McCoy's claims against Laurel Health, we affirm.

Laurel Health operates a nursing home. In 2004, it hired McCoy to work at its home as a certified nurse's assistant. McCoy worked in a section of the home with residents who suffer from various mental deficiencies. His job included helping the residents move and perform basic activities, such as getting out of bed or using the bathroom. McCoy was a good worker, but had repeated problems with attendance. From November 2004 to September 2011, McCoy received 37 written warnings for being absent or tardy. Patricia Wright, Laurel Health's assistant director of nursing, testified at her deposition that by March 5, 2012, McCoy had eight unexcused absences within one year, which was a ground for terminating his employment under Laurel Health's employee handbook. Wright's supervisor told Wright to place McCoy on probation rather than terminate his employment. So, on March 5, 2012, Wright formally placed McCoy on a 90-day probation and warned him that he would be let go if he had one more unexcused absence during that time.

Later that same month, McCoy injured his right knee while assisting a resident. He reported his injury to his supervisor, Helen Butcher. An incident report was made and given to Laurel Health's human resources employee, Melisa Allred. Allred submitted a claim for worker's compensation as soon as she received the report. The pain from the injury increased, so McCoy visited Arnis Pone, a doctor at Bronson Hospital. Dr. Pone concluded that McCoy could

-1-

work, but placed him on restricted duty. Throughout April 2012, McCoy visited doctors several more times and his restrictions increased. Laurel Health eventually assigned McCoy to office work on the basis of his restrictions.

On May 10, 2012, McCoy did not go to work because his car broke down. According to Laurel Health, it terminated McCoy's employment on May 16, 2012, because he had an unexcused absence within his period of probation.

In September 2012, McCoy sued Laurel Health for disability discrimination under the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, and for unlawful retaliation under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*[1] It was McCoy's position that Laurel Health wrongfully terminated his employment.

In June 2014, Laurel Health moved for summary disposition under MCR 2.116(C)(10). In its motion, Laurel Health presented evidence that it terminated McCoy's employment because he had an unexcused absence while on probation. In support of its motion, Laurel Health also presented—in relevant part—evidence that it did not count absences that resulted from McCoy's injury and that it had accommodated his restrictions.

In response, McCoy argued that he could establish a claim under the ADA because there was evidence that Laurel Health terminated his employment because he had become disabled; namely, he cited evidence that Wright told him he would not be getting worker's compensation. This evidence, he maintained, also supported his claim that he was terminated in retaliation for making a worker's compensation claim.

In August 2014, the trial court issued an opinion and order granting Laurel Health's motion. The trial court determined that Laurel Health properly supported its motion for summary disposition of the claims at issue. It then summarized the evidence and stated that McCoy presented no evidence that would permit an inference that Laurel Health's reason for terminating him was a mere pretext for unlawful discrimination premised on his disability, gender, or assertion of a right to worker's compensation. For that reason, in addition to other reasons, the trial court determined that Laurel Health was entitled to summary disposition.

McCoy then appealed in this Court.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 572; 844 NW2d 178 (2014).

Under the ADA an employer may not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 USC 12112(a); see also 42 USC 12111(2). Discrimination includes a

---

[1] McCoy also alleged various other claims, but later abandoned them. We have, therefore, limited our analysis accordingly.

refusal to make "reasonable accommodations" for a qualified individual's impairments. 42 USC 12112(b)(5). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 USC 1211(8). A "reasonable accommodation may include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . and other similar accommodations." 42 USC 1211(9)(B).

"A plaintiff alleging a violation of the ADA carries the burden of proving a prima facie case." *Peden v Detroit*, 470 Mich 195, 202; 680 NW2d 857 (2004). To establish a prima facie case, McCoy had to establish that he was disabled, was qualified to perform the essential functions of his job, and that Laurel Health discriminated against him solely because of his disability. *Collins v Blue Cross Blue Shield of Mich*, 228 Mich App 560, 568-569; 579 NW2d 435 (1998). "[O]nce the plaintiff has presented a prima facie case, the burden shifts to the employer to rebut the plaintiff's evidence." *Peden*, 470 Mich at 203. This "burden-shifting approach" was adopted by the United States Supreme Court in *McDonnell Douglas Corp v Green*, 411 US 792, 802-805; 93 S Ct 1817; 36 L Ed 2d 668 (1973), and applies where a plaintiff alleges discrimination under the ADA. *Raytheon Co v Hernandez*, 540 US 44, 49, 53-54; 124 S Ct 513; 157 L Ed 2d 357 (2003).

Under the burden-shifting approach, after the plaintiff presents a prima facie case of discrimination and the employer presents "a neutral explanation" for its treatment of the plaintiff, it must be determined "whether there was sufficient evidence from which a jury could conclude that" the employer made its employment decision based on the plaintiff's "status as disabled despite [the employer's] proffered explanation." *Id.* at 53. With regard to the ADA, "[t]o raise a genuine issue of material fact on the validity of an employer's explanation for an adverse job action, the plaintiff must show" that (1) the defendant's proffered reason was untrue; (2) that the proffered reason did not actually motivate the defendant's employment decision; or (3) that the proffered reason was insufficient to motivate the action. *Kocsis v Multi-Care Mgt, Inc*, 97 F3d 876, 883 (CA 6, 1996).

There is no dispute that the ADA applied to Laurel Health and, for purposes of this appeal, we shall assume that McCoy was disabled. See 42 USC 12102(1)(A). There is also no dispute that he was qualified to perform the essential functions of his job. The fact that McCoy was placed on restricted duty as a result of his knee injury did not render him unqualified because his impairment was temporary and Laurel Health could make reasonable accommodations until his impairment improved. See 42 USC 12112(b)(5)(A), (B); 42 USC 12111(9)(B). There is no material dispute that Laurel Health accommodated McCoy's work restrictions by having him perform office work. See *Cehrs v Northeast Ohio Alzheimer's Research Ctr*, 155 F3d 775, 783 (CA 6, 1998). Because his impairment was temporary and he was able to continue working with reasonable accommodations, McCoy was qualified to perform the essential functions of his job. *Collins*, 228 Mich App at 568.

McCoy argues that he established a question of fact with regard to the third element of his prima facie case and that this same evidence establishes a question of fact with regard to pretext. He argues that the close temporal proximity between his injury and his termination shows that Laurel Health terminated him because of his disability. He cites decisions that address an employer's alleged retaliation in response to an employee's exercise of rights under various acts, such as the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.* But, McCoy does not allege retaliation under the ADA. Moreover, even where relevant in retaliation claims, "a temporal relationship, standing alone, does not demonstrate a causal connection between" the exercise of rights and termination. *West v Gen Motors Corp*, 469 Mich 177, 186; 665 NW2d 468 (2003). And, McCoy offers no other evidence of discrimination, as discussed below.

He argues that, immediately before he was terminated, Wright told him that his claim for worker's compensation benefits related to his knee injury had been denied. McCoy maintains that this statement shows that Laurel Health felt unconstrained to terminate his employment on the basis of his disability after his claim had been denied. Wright admitted making the statement but said she did so for the purpose of informing him that his May 10 absence was not excused by his knee injury. Nothing in this statement suggests that Laurel Health—through Wright— terminated McCoy's employment out of desire to discriminate against him by reason of his knee injury. See *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (stating that a question of fact exists when reasonable minds can differ on the conclusions to be drawn from the evidence). Any such inference does not follow from the statement—it would be mere speculation. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) ("A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference").

McCoy also argues that Laurel Health's inability to identify the individual who specifically decided to terminate him and the fact that McCoy did not violate the employee handbook regarding absences shows that Laurel Health terminated his employment for an improper reason and that attendance was merely a pretext. Although there is no indication in the record as to the identity of the individual who effected McCoy's termination, that does not suggest that whoever did must have held a discriminatory animus or that the proffered reason was merely pretext. Likewise, whether he violated a particular provision of the employee handbook is not relevant under the facts of this case. Laurel Health asserted that it terminated McCoy's employment because he was absent without a valid excuse on May 10, 2012, when his probation was still in effect. McCoy did not dispute that he was on probation and documentary evidence showed that he was placed on probation before his injury. Accordingly, he cannot show that the proffered reason (an additional absence during probation) was a mere pretext by arguing that, when calculated in the way that he prefers, he did not really have eight absences within the past year. In sum, McCoy failed to establish a question of fact regarding the third element of his prima facie case or regarding pretext. *Savoy*, 284 Mich App at 525. The trial court did not err when it determined that Laurel Health was entitled to have McCoy's ADA claim dismissed. *Grandberry-Lovette*, 303 Mich App at 572.

McCoy also argues that the trial court erred in granting Laurel Health's motion on his claim of retaliation under the WDCA. Under MCL 418.301(13), an employer may not discharge an employee "because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act." MCL 418.301(13). Although the WDCA does not define the term "right," this Court has held that the WDCA "affords an injured employee a right to seek reasonable, needed medical services for injuries that arise in the course of employment." *Cuddington v United Health Servs*, 298 Mich App 264, 274; 826 NW2d 519 (2012).

> To establish a prima facie case of retaliation under the WDCA, an employee who has suffered a work-related injury must present evidence: (1) that the employee asserted a right to obtain necessary medical services or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of a right afforded under MCL 418.315(1) [establishing an employer's duties under the WDCA] were causally connected. [*Id.* at 275.]

Where a plaintiff presents circumstantial rather than direct evidence of retaliation, this Court examines the claim according to the burden-shifting approach already discussed. *Id.* at 276.

There is no dispute that McCoy "suffered a work-related injury." *Id.* at 275. There is also evidence that he exercised his "right to obtain necessary medical services" and that Laurel Health knew that he had. *Id.* And, there is no dispute that Laurel Health "took an employment action adverse to" him when it terminated his employment. *Id.* at 275, 277. However, McCoy failed to present evidence that his exercise of his rights under the WDCA was "causally connected" to Laurel Health's termination of his employment. *Id.* Without explanation, McCoy argues that the evidence supporting his claim for disability discrimination supports his claim for retaliation. "Insufficiently briefed issues are deemed abandoned on appeal." *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001). To the extent that he intends to argue that the temporal proximity between his injury and his termination, Laurel Health's failure to identify who decided to terminate him, and the fact that he allegedly did not violate the employee handbook are proof of retaliation, we conclude that they are not. Although temporal proximity between the exercise of protected activity and an employer's adverse employment action can support a finding of retaliation, "a temporal relationship, standing alone, does not demonstrate a causal connection between" McCoy's exercise of rights and his termination. *West*, 469 Mich at 186. Any inference of discriminatory animus or pretext from the absence of information regarding the individual who decided to terminate him or from the fact that he allegedly did not violate the employee handbook is mere speculation. *Libralter Plastics, Inc*, 199 Mich App at 486. Nor does Wright's statement that his claim for worker's compensation was denied create a question of fact. There is simply no way a reasonable person could conclude from Wright's statement that Laurel Health terminated McCoy because he exercised his rights under the WDCA. *Id.*; *Savoy*, 284 Mich App at 525. McCoy failed to establish a question of fact with regard to the existence of a causal connection between his exercise of rights under the WDCA and his termination, or with regard to pretext; therefore, the trial court properly dismissed this claim. *Grandberry-Lovette*, 303 Mich App at 572.

McCoy has not established any error in the trial court's decision to grant Laurel Health's motion for summary disposition.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly