# STATE OF MICHIGAN

# COURT OF APPEALS

---

DAWN YESNER, R.N., and
EVA CORNELIUS, R.N.,

      Plaintiffs-Appellants,

v

BORGESS MEDICAL CENTER, INC.,
MATTHEW GAMBLE, P.C.A., KATHY
GRUETER, R.N., TASHA HAMPTON, P.C.A.,
LACY JOHNSON, P.C.A., and MICHELLE
NASH, P.C.A.,

      Defendants-Appellees.

UNPUBLISHED
March 10, 2016

No. 324516
Kalamazoo Circuit Court
LC No. 2014-000122-NZ

---

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiffs Dawn Yesner and Eva Cornelius appeal as of right the trial court's order granting summary disposition to defendants Borgess Medical Center, Inc., Matthew Gamble, P.C.A., Kathy Grueter, R.N., Tasha Hampton, P.C.A., Lacy Johnson, P.C.A., and Michelle Nash, P.C.A. We affirm.

MCR 2.116(C)(10) provides that summary disposition is proper when "there is no genuine issue as to any material fact . . . ." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We review de novo a trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A court is to consider the affidavits, pleadings, depositions, admissions, and other evidence in the light most favorable to the party opposing the motion. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

Under Michigan law, four elements are included in the definition of intentional infliction of emotional distress: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 602; 374 NW2d 905 (1985) (citation and quotation marks omitted). The court makes the initial determination regarding "whether the defendant's conduct reasonably may be regarded as so

-1-

extreme and outrageous as to permit recovery." *Doe v Mills*, 212 Mich App 73, 92; 536 NW2d 824 (1995). Where reasonable minds may differ, however, it becomes a question of fact for the jury. *Id*. Liability is only found when conduct is

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!'" [*Roberts*, 422 Mich at 603 (citation and quotation marks omitted).]

Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*. (citation and quotation marks omitted). With regard to the second element, intent or recklessness, a plaintiff must show either that a defendant specifically intended to cause the plaintiff emotional distress or that the defendant's conduct was so reckless that "any reasonable person would know emotional distress would result." *Lewis v LeGrow*, 258 Mich App 175, 197; 670 NW2d 675 (2003) (citation and quotation marks omitted).

Plaintiffs argue that there was a genuine issue of material fact regarding whether defendants' actions were so extreme and outrageous as to result in liability. We disagree. Plaintiffs were employed at Borgess Medical Center as registered nurses and were supervised by Grueter. After receiving complaints about plaintiffs' behavior in the workplace, Grueter launched an investigation and ultimately terminated plaintiffs' employment. On appeal, plaintiffs argue that Grueter's conduct, and, vicariously, the conduct of Borgess, was extreme and outrageous because Grueter terminated plaintiffs without a thorough investigation and without first notifying them that their conduct was being investigated.

We conclude that the trial court did not err in granting summary disposition because reasonable minds could not differ regarding whether these defendants' actions were extreme and outrageous. Plaintiffs presented evidence that Grueter told them they were good employees before they went on vacation, and that while they were on vacation, an investigation that led to their termination was held. Accepting these facts as true, and viewing the evidence in the light most favorable to plaintiffs, *Joseph*, 491 Mich 206, the conduct described by plaintiffs did not create a genuine issue of material fact regarding whether the conduct was so extreme or outrageous that it surpassed all bounds of decency in a civilized society. First, there was no question of fact regarding whether it was outrageous and extreme that Greuter failed to notify plaintiffs of the pending investigation until the investigation concluded. Indeed, before Grueter started the investigation and interviewed the staff, there was no way to know whether plaintiffs' employment was at risk, and therefore Grueter had nothing substantial to report to plaintiffs. There was also no question of fact regarding whether Grueter's investigation itself was so extreme and outrageous so as to result in liability. Indeed, the record shows that Grueter contacted Borgess's Labor Relations Department and, in accordance with advice, interviewed numerous individuals who worked with plaintiffs, including defendants Gamble, Hampton, Johnson, and Nash.

There was no question of material fact regarding whether Grueter's failure to notify plaintiffs of the pending investigation or the investigation itself were so outrageous and extreme "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts*, 422 Mich at 603 (citation and quotation marks omitted).

Although it was not properly argued in plaintiffs' brief, they imply that the conduct of defendants Gamble, Hampton, Johnson, and Nash was also extreme and outrageous. Plaintiffs essentially argue that these defendants called plaintiffs names, caused disturbances such as slamming doors, lied about plaintiffs' work performance during the investigation, and conspired to bring about plaintiffs' termination. Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*. at 603 (citation and quotation marks omitted). Also, spreading falsehoods and rumors is not extreme and outrageous conduct. See, e.g., *Mino v Clio Sch Dist*, 255 Mich App 60, 79; 661 NW2d 586 (2003). Finally, plaintiffs presented only conjecture and speculation to support their contention that defendants colluded to bring about their termination, and, accordingly, failed to establish a genuine issue of material fact regarding that claim. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). We find no basis for reversal.

Plaintiffs argue that the trial court erred in applying the standard for summary disposition when it allegedly failed to consider the evidence in the light most favorable to plaintiffs and to grant plaintiffs the benefit of all inferences. Plaintiffs do not point to any authority or to anything in the record to support this contention, aside from perfunctorily pointing out that the trial court characterized certain of plaintiff's claims as speculative and based on "feelings." The trial court, however, was correct in its characterizations. Because plaintiffs have not adequately supported their position, the issue is deemed abandoned. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Moreover, our review is de novo, *Johnson*, 492 Mich at 173; thus, even if the trial court somehow misapplied the summary disposition standard, this does not affect resolution of the case.

Affirmed.


/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-3-