# STATE OF MICHIGAN

# COURT OF APPEALS

KATIE SOPIQOTI,

Plaintiff-Appellant,

v

THE KROGER COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
November 20, 2018

No. 339895
Oakland Circuit Court
LC No. 2016-153793-NO

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right an order granting defendant summary disposition in this premises liability action. We affirm.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there is a genuine issue of material fact regarding whether defendant had constructive notice of the dangerous condition, spilled laundry detergent, in its store. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). There is a genuine issue of material fact "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co*, 322 Mich App at 224 (citation omitted).

To prevail on a premises liability claim, "an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). This duty of care is breached when the premises owner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A plaintiff must demonstrate that the premises owner had either actual or constructive notice of the dangerous condition. *Lowrey*, 500 Mich at 10. To do so, plaintiff

-1-

must show that defendant knew about the dangerous condition "or should have known of it because of its character or the duration of its presence." *Id*. at 11.

Our Supreme Court has made it clear that a plaintiff must present evidence of actual notice or "evidence of constructive notice, i.e., that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. A party "opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Plaintiff offered no evidence to establish how long the spilled laundry detergent had been on the floor. Instead, plaintiff argues on appeal that a jury could use its general knowledge and experience to determine how long it would take for a 4-foot puddle to accumulate from a dripping bottle.

Plaintiff's evidence that a laundry detergent bottle was dripping onto the floor comes from the following exchange during plaintiff's deposition:

> *Q*. Did you see any bottles actually leaking?
>
> *A*. That one was covered in soap [on] the bottom.
>
> *Q*. Exhibit number 2?[1]
>
> *A*. Yes.
>
> *Q*. Was it leaking or could it have been sitting in soap, if you know?
>
> *A*. When I picked it up, it was leaking from the bottom, whether it was leaking from the bottle or the detergent that was there before.
>
> *Q*. You don't know?
>
> *A*. No.
>
> *Q*. Am I correct in saying you're not exactly sure where the liquid was coming from other than the shelf?
>
> *A*. Yeah, [I'm] assuming it was coming from that [bottle] because it was low level because soaps don't come halfway filled.
>
> *Q*. Okay. Apart from that assumption, are you aware of actually where this liquid was coming from other than the shelf?

---

[1] Exhibit 2 refers to a photograph that plaintiff took of a laundry detergent bottle that she claims felt partially empty when she picked it up.

*A.* No, I didn't see things in that much detail.

Plaintiff provided no other evidence regarding how long this particular bottle leaked or the rate at which laundry detergent typically drips out of a laundry detergent bottle other than her own speculative testimony and the photograph she took of the laundry detergent bottle. Thus, proof as to when the hazardous condition arose was the "missing link" in plaintiff's case. *Lowrey*, 500 Mich at 12, quoting *Goldsmith v Cody*, 351 Mich 380, 389; 88 NW2d 268 (1958). After all, it is equally possible that the laundry detergent was spilled only moments before plaintiff fell—either because of some defect in the laundry detergent bottle, or because another customer spilled the laundry detergent.

Moreover, a premises owner is not required "to present evidence of a routine or reasonable inspection" or to prove "lack of constructive notice of a dangerous condition on its property." *Lowrey*, 500 Mich at 10. Defendant could prevail on its motion for summary disposition if plaintiff failed to present sufficient evidence of notice. *Id*. Defendant correctly argued that plaintiff "cannot demonstrate how long the substance was on the floor before she encountered it, therefore, she cannot prove that [defendant] had constructive notice of the presence of the substance." Thus, plaintiff failed to present any evidence to raise a genuine issue of material fact that defendant possessed actual or constructive notice of the laundry detergent puddle on the floor. The trial court properly granted defendant's motion for summary disposition.

We affirm. As the prevailing party, defendant may tax costs. MCR 7.219.

/s/ David H. Sawyer
/s/ Jane E. Markey

-3-