*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JOHN CONFORTI, by DONNA
CONFORTI, Personal Representative,

UNPUBLISHED
October 29, 2020

        Plaintiff-Appellant,

v

No. 348745
Macomb Circuit Court
LC No. 2017-002406-NI

STANLEY WEBSTER CORNELL and METRO
CONTROLS, INC.,

        Defendants-Appellees.

Before: FORT HOOD, P.J., and JANSEN and TUKEL, JJ.

TUKEL, J (*dissenting*).

## I. INTRODUCTION

I disagree with the majority's two conclusions: (1) that a genuine question of material fact exists regarding whether the defendant, Stanley Webster Cornell, was negligent at all; and (2) that, even though, as the majority concedes, decedent Conforti was negligent, there nevertheless was sufficient evidence from which the jury could find that defendant Cornell was more than 50% at fault for the auto-pedestrian collision that resulted in Conforti's death. The majority reaches those conclusions by giving short shrift to the actual facts of the case, instead relying on mere speculation by plaintiff's retained expert witness, Timothy Abbo. Consequently, I respectfully dissent from the majority's opinion, and would affirm the trial court's grant of summary disposition in favor of defendants.

## II. STANDARD OF REVIEW

MCL 500.3135(2)(b) provides that, in automobile negligence cases, "[d]amages must be assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault." Furthermore, MCL 600.2959 provides that, in actions based on tort, if the plaintiff's fault is greater than the defendant's, "the court shall reduce economic damages by the percentage of comparative fault . . . and noneconomic damages shall not be awarded." A plaintiff is considered to be at fault if "the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his damages." *Lamp v Reynolds*, 249 Mich App 591, 599;

645 NW2d 311 (2002). "The extent of a plaintiff's comparative fault, if any, is generally a question for the jury . . . ." *Jimkoski v Shupe*, 282 Mich App 1, 8 n 3; 763 NW2d 1 (2008). That being said, summary disposition "is appropriate if there is no genuine issue regarding any material fact." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). And even more significantly, at least in this case, "[s]ummary disposition is not precluded simply because a party has produced an expert to support its position." *Amorello v Monsanto Corp*, 186 Mich App 324, 331; 463 NW2d 487 (1990). In this case, that is so because "parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). The majority, in fact, acknowledges that "Conforti was negligently attempting to cross Van Dyke Avenue outside of a marked crosswalk," but then concludes "he had been visible in the roadway for a sufficient amount of time to be seen and avoided." That conclusion, however, simply does not stand up to scrutiny, as demonstrated by Abbo's own analysis.

### III. NEGLIGENCE

Cornell was driving in the northbound right lane of Van Dyke Avenue when the collision occurred. At the location of the accident, Van Dyke Avenue consists of seven lanes and the nearest crosswalk was approximately 1/6 mile away.[1] The flow of traffic ranged from moderate to heavy. Conforti crossed from the far side of Van Dyke, across the three southbound lanes; across the center turn lane; across two of the northbound lanes; and then finally stepped into the seventh lane, directly in front of Cornell's Ford F-150, where he was struck.[2]

Viewing Abbo's affidavit in its most favorable light to plaintiff, Abbo determined that Cornell was driving 42 miles per hour in a 45 miles-per-hour zone; the weather was clear and dry; a review of a video recording showed that Conforti appeared four seconds before the accident; the

---

[1] Abbo states in his affidavit that using the crosswalk would have added about 1/3 of a mile to Conforti's route, which includes walking to the corner of the southbound side, crossing, and then walking back on the northbound side. For sake of simplicity, I have ignored the width of the roadway and simply divided the 1/3 mile distance in half to cover the portion of the route on each side of Van Dyke.

[2] The three police officers who investigated the accident concluded that Conforti was at fault for the accident and that it was impossible for Cornell to have avoided hitting him. Viewing the evidence in the light most favorable to plaintiff, I give no weight to those conclusions because summary disposition permits us to consider only Abbo's affidavit, as it is the sole basis for any argument that Cornell was negligent. However, the investigating officers' conclusions that Cornell was not at fault are properly considered as to comparative negligence, as that issue requires us to consider whether there was any evidence from which a jury could conclude that Cornell was more at fault than Conforti, assuming Conforti was at fault at all. As Abbo's affidavit fails to address comparative negligence, it is necessary to consider the three officers' conclusions in order to determine whether Abbo's affidavit, construed most favorably for plaintiff, is sufficient to allow a jury to find that Conforti was less at fault than Cornell.

average "perception-response" time was 1.8 seconds; and Cornell's vehicle traveled 246 feet in the four seconds that Conforti was visible, or 61 feet per second. From this, Abbo concluded that Cornell was negligent because one second of braking would have avoided the accident, and therefore, in his view, Cornell "did not exercise due care to avoid colliding with Plaintiff; as Plaintiff was visible to Defendant Cornell, there were no obstructions of Defendant Cornell's view of Plaintiff, and Defendant failed to properly swerve and/or apply his brakes, and/or stop in order to avoid the collision." However, accepting as true all of Abbo's opinions, they nevertheless fall far short of demonstrating that Cornell was negligent.

A "perception-response" time is defined as "the time from the first *sighting* of an obstacle until the driver applies the brakes."[3] (Emphasis added.) In conducting his analysis, however, Abbo conflated the point at which Conforti became visible, as shown by a video recording, with the point at which Cornell actually saw Conforti, which is the moment at which the perception-response time would properly begin. Nevertheless, those are two very different metrics; while it was physically possible for Cornell to have viewed Conforti at the very first instant in which Conforti came into view, Cornell obviously did not see Conforti at that moment or he would have avoided the accident. Indeed, Cornell testified that he did not see Conforti until the moment before impact. Consequently, the only relevant questions, which Abbo did not even purport to address, were whether and when it became unreasonable for Cornell not to have seen Conforti.

Thus, Abbo's analysis simply assumed that a driver reasonably should have seen Conforti at the precise instant Conforti stepped through the left turn lane and became potentially visible to northbound drivers. That assumption, however, fails to consider the full circumstances. Cornell testified that, as he was driving in the right-hand lane, he was looking to his right to ensure that no cars pulled out of a driveway in front of him, an eminently reasonable consideration. Crediting everything Abbo put forward, the time line is this: there were only four seconds in which Conforti was potentially visible to Cornell. In that time, Cornell needed to see Conforti and brake sufficiently to avoid the collision. Abbo established that the average "perception-response" time was 1.8 seconds and that Cornell required one full second to brake enough to avoid the collision; thus, it would take Cornell 2.8 seconds of action, i.e., seeing Conforti and braking to avoid him, to avoid the collision. Consequently, if Cornell did not see Conforti in the first 1.2 seconds that he was visible, then, by Abbo's own calculations, Cornell could not have avoided the collision. Accordingly, the question of whether or not Cornell was negligent boils down to whether in the remaining 1.2 seconds available to him, it was unreasonable for Cornell not to have looked back across two lanes of roadway to scan for someone unlawfully crossing outside a crosswalk, and in that allotted time, to fail to spot such person and begin to apply the brakes. Understanding the relevant legal inquiries plainly shows that there was no evidence presented from which a jury could reasonably reach the conclusion that Cornell was negligent.

As noted, plaintiff posits that Cornell was obliged to look to his left. If he had done so, however, and instead struck a car pulling out from a driveway to his right, there can be no doubt

---

[3] See https://journals.sagepub.com/doi/10.1177/001872088602800110 (last visited October 19, 2020).

that his driving would be deemed unreasonable, because it was far more likely that a car would pull out from a driveway than that a pedestrian would unlawfully cross a busy seven-lane roadway in the middle of a block. After all, reasonableness requires that a driver be more heedful of the more likely hazard, not the less likely one. The majority's conclusion, however, is simply that it was unreasonable for Cornell not to look to his left; but it also is clear that that it would have been unreasonable for him to not look to his right had that instead led to an accident, as failure to look right was even more likely to lead to a collision. The majority thus constructs an impossible standard, because under its standard Cornell's driving was unreasonable no matter which choice he made. Moreover, even if Cornell was under a duty to look back to his left to scan for hazards, Abbo presented no evidence under which Cornell was required to do so every one and a half seconds, which is what would have been necessary to avoid the accident under Abbo's timeline. Thus, Abbo's affidavit provided nothing but "conjecture and speculation," because it failed to provide any proper standard to determine whether Cornell's driving was reasonable, and thus fails to meet plaintiff's "burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc* 199 Mich App at 486.[4]

## IV. COMPARATIVE NEGLIGENCE

Additionally, as is clear from the discussion above, Abbo's analysis completely ignores the role Conforti played in causing the accident. Pedestrians have a duty to make a proper observation as to potentially approaching traffic and to "exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances." *Malone v Vining*, 313 Mich 315, 321; 21 NW2d 144 (1946). Moreover, under the Uniform Traffic Code adopted by the city of Warren, Warren Ordinances, § 37-2, "[w]here traffic-control signals are in operation, pedestrians shall not cross the roadway except in a marked crosswalk." Mich Admin Code, R 28.1709. Additionally, "[e]very pedestrian who crosses a roadway at any point other than within a marked crosswalk at an intersection shall yield the right-of-way to all vehicles on the roadway." Mich Admin Code, R 28.1706. A violation of an administrative regulation is evidence of negligence. *Estate of Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 163; 923 NW2d 894 (2018).

Conforti obviously did not cross in a marked crosswalk, even though, according to Abbo, the nearest one was just a few hundred feet away, and equally obviously Conforti did not yield to Cornell. These violations are evidence that Conforti was negligent, and the majority agrees that he was. Furthermore, Conforti was almost struck by another vehicle as he crossed the center lane of Van Dyke Avenue, and Conforti appeared to observe several northbound vehicles traveling in

---

[4] Abbo's statement in his affidavit also attempts to go well beyond any permissible expert testimony or opinion. Although there is no evidence that Cornell was distracted, as both he and his passenger denied that allegation, Abbo simply asserts as fact that Cornell was distracted, and even speculates as to the possible reasons. Nevertheless, "The facts or data in the particular case upon which an expert bases an opinion or inference shall be in evidence." MRE 703. As there are no facts in evidence supporting the assertion that Cornell was distracted, that portion of Abbo's affidavit was not properly before the trial court and thus cannot be considered on appeal.

-4-

his direction before he began crossing the northbound lanes of Van Dyke Avenue. Conforti decided to cross the northbound lanes of Van Dyke Avenue despite having an unobstructed view of Cornell's vehicle. Conforti also stepped directly in front of Cornell's vehicle, even though Conforti would have been able to see that Cornell was not looking at him. Abbo did not discuss Conforti's actions in that regard at all, other than to opine, without giving any reason, that "a reasonable person facing a similar situation" would have chosen to violate the traffic laws and cross a busy seven-lane "84-foot roadway in lieu of walking one-third" of a mile to reach a crosswalk and traffic light.[5] By failing to discuss the evidence of Conforti's negligence, Abbo's affidavit failed to consider Conforti's comparative negligence, and thus is irrelevant under the proper legal standard. Consequently, even if Cornell had been negligent, Abbo's affidavit provided no basis for finding that Cornell was more than 50% at fault, the threshold for a recovery. MCL 500.3135(2)(b). Thus, the only admissible evidence on that point was the statements of the three investigating officers, who determined that Conforti was solely at fault, which is a bar to recovery. *Id*.

## V. CONCLUSION

In sum, I would hold that the trial court did not err by granting defendants' motion for summary disposition, because there was no evidence showing that Cornell was negligent, nor was there evidence showing that if Cornell was negligent that Conforti was less than 50% at fault. I would affirm the trial court's granting of summary disposition in favor of defendants.

/s/ Jonathan Tukel

---

[5] Abbo's affidavit stating an opinion that a reasonable person would attempt to cross the seven-lane roadway unlawfully, without using a cross-walk or traffic signal and in violation of the Warren Ordinance and the Michigan Administrative Code, is particularly startling in light of his employment as a police officer, albeit not for the jurisdiction in which the accident occurred. See also note 2 of this opinion. Additionally, the majority concedes that Conforti was negligent; as he was in obvious violation of law by crossing the street where he did; and as the accident would not have occurred had he crossed in a crosswalk, as required by law, the conclusion that his was more than 50% of the cause for the accident is inescapable.