*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN CHAPOTON,

       Plaintiff-Appellant,

UNPUBLISHED
June 22, 2023

v

MEIJER,

       Defendant-Appellee.

No. 361767
Macomb Circuit Court
LC No. 2020-002476-NO

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Plaintiff was shopping at defendant's Roseville store when she slipped on water that was leaking from a beverage cooler and fell to the ground. The trial court granted defendant summary disposition because there was no genuine issue of material fact that defendant did not have notice of the hazard. We affirm.

During her deposition, plaintiff testified that she saw the cooler before she fell, but she did not see the water on the floor until after she fell. The security footage of the aisle in which the cooler was located showed that multiple employees, as well as other customers, walked past the cooler shortly before plaintiff slipped and fell. The footage showed no sign of anyone noticing water on the floor. Further, a maintenance worker completed a report for the cooler, after plaintiff's fall, that stated that the dip-pan for the cooler had overflowed and that a bottle had propped the cooler door open which caused condensation to accumulate.

Plaintiff's complaint alleged that she sustained disabling injuries from the fall and that those injuries were a result of defendant's negligence in maintaining the floor free from hazards. Defendant moved for summary disposition under MCR 2.116(C)(10), and it argued that plaintiff had not established that defendant knew, or should have known, about the open and obvious hazard. Plaintiff argued that the water likely accumulated on the floor over a period of time during which defendant knew, or should have known, that the hazard was present. The trial court agreed with defendant, and granted it summary disposition, because plaintiff's theory regarding the water accumulation was impermissible speculation.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"[A] premises possessor owes a duty to use reasonable care to protect invitees from an unreasonable risk of harm caused by dangerous conditions on the premises . . . " *Hoffner v Lanctoe*, 492 Mich 450, 455; 821 NW2d 88 (2012). Further, a premises possessor's duty to an invitee, including a customer in a retail establishment, includes a duty "not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending on the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). A plaintiff alleging a premises liability claim must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016); see also *Hoffner*, 492 Mich at 477-478.

Actual notice exists when the premises possessor had actual knowledge of the existence of a hazard or the premises owner caused the hazard. *Hampton v Waste Mgmt of Michigan, Inc*, 236 Mich App 598, 603-604; 601 NW2d 172 (1999). A premises possessor is presumed to have actual notice when there is evidence the possessor saw the hazard, or evidence another customer discovered it and alerted the possessor of its existence. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). A plaintiff can establish constructive notice only if the alleged condition is "of such a character or has existed a sufficient length of time that [the defendant] should have had knowledge of it." *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968); see also *Clark*, 465 Mich at 419.

To succeed on a motion for summary disposition, a premises possessor need only show a plaintiff presented insufficient proof to establish the notice. *Lowrey*, 500 Mich at 9. This Court has stated that, while "[c]ircumstantial evidence may be sufficient to establish a case," "parties opposing a motion for summary disposition must present more than mere conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

Plaintiff argues that the leak from the cooler must have been slow and, thus, defendant's employees must have seen the water before plaintiff reached the cooler. The security footage, however, contradicts plaintiff's argument because employees and customers were passing by the cooler, shortly before plaintiff's fall, without noticing any water leaking from it. Further, defendant offered the alternative explanation that the drip-pan suddenly overflowed which caused a puddle to form on the floor quickly after the drip-pan's failure. As our Supreme Court stated in *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994):

[A]t a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred.

Plaintiff did not substantiate her argument with any evidence to demonstrate that the malfunction of the cooler was noticeable, other than arguing that the overflow of the drip-pan must have been necessarily slow. As stated, "this slight evidence is not enough" to survive a motion for summary disposition, *id*., especially when considering that there was no evidence to suggest that anyone who was near the cooler, soon before the accident, noticed any water accumulation on the floor.

Thus, plaintiff did not establish that defendant knew of, or should have known about, the hazardous condition. Without establishing notice, plaintiff cannot establish that defendant had a duty, and, therefore, the trial court did not err when it granted defendant summary disposition.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica

-3-