*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEMETRIOUS OMATA BURKS,

        Plaintiff-Appellant,

v

LIBERTY SURPLUS INSURANCE
CORPORATION, PROGRESSIVE ADVANCED
INSURANCE CORPORATION, and JANE DOE,

        Defendants,

and

SHEHATA X. BAILEY,

        Defendant-Appellee.

UNPUBLISHED
April 09, 2026
1:39 PM

No. 371355
Wayne Circuit Court
LC No. 23-001961-NI

Before: YATES, P.J., and MARIANI and WALLACE, JJ.

WALLACE, J. (*dissenting*)

I respectfully dissent. As the majority states, the trial court found that plaintiff failed to present evidence demonstrating objective manifestation of his alleged impairments and entered an order granting summary disposition to defendant. I would reverse the trial court's order because it is contradicted by plaintiff's medical records and the report of a Dr. Anthony Emmer, a neurologist hired by defendant.

Among the physical complaints that plaintiff made following the accident were numbness and tingling in his extremities, which was reported by his treating physicians at Michigan Head and Spine Institute on June 16, 2022, December 14, 2022, and March 1, 2023. Dr. Emmer conducted a physical examination of plaintiff on September 7, 2023 in which he reported that pinprick sensation was reduced in the fifth digit of plaintiff's right hand, the fifth digit of his left

hand, and his right kneecap. Dr. Emmer further opined that the pain and paresthesia that plaintiff suffered following the accident were exacerbated by the subject motor vehicle accident.[1]

When reviewing defendant's motion for summary disposition under MCL 2.116(C)(10), the trial court was required to examine the evidence submitted by the parties, drawing all reasonable inferences in the light most favorable to the nonmoving party, to determine whether a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). See also *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 485; 502 NW2d 742 (1993). There is a genuine issue of material fact when "the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Under MCL 500.3135(1), "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." Subsection (5) defines "serious impairment of body function" as an impairment that satisfies three requirements, only the first of which is pertinent to this appeal: that "[i]t is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person." MCL 500.3135(5)(a). This requirement is often referred to as the "first prong" of MCL 500.3135(5).

Considering the physical examination conducted by Dr. Emmer, including observable and perceivable symptoms of paresthesia via pinprick testing, in the light most favorable to plaintiff, there is a question of fact as to whether plaintiff has presented evidence of an objectively manifested impairment under the first prong of MCL 500.3135.

Defendant points to other evidence in this case supporting its argument that plaintiff's impairments predate the subject accident, i.e., were not caused by the accident. However, while that evidence may be submitted to rebut the opinion of defendant's own expert, Dr. Emmer, who opined that plaintiff's paresthesia was exacerbated by the accident, it does not negate that evidence.

Under MCR 500.3135(2), because "[t]here is a factual dispute concerning the nature and extent of [plaintiff's] injuries," and because the dispute is "material to the determination whether [plaintiff] has suffered a serious impairment of body function," the trial court erred by granting

---

[1] " 'Paresthesia' is the technical term for the sensation of tingling, burning, pricking or prickling, skin-crawling, itching, 'pins and needles' or numbness on or just underneath your skin." <https://my.clevelandclinic.org/health/symptoms/24932-paresthesia> (accessed February 27, 2026).

summary disposition on the first prong of MCL 500.3135(5). As a result, I would reverse the court's order and remand for further proceedings.[2]

/s/ Randy J. Wallace

---

[2] Plaintiff also alleges that he suffered other impairments caused by the accident, but because the above referenced evidence creates a material question of fact on the first prong of MCL 500.3135(5), I would find that this Court need not address those other alleged impairments.